AO 241 (Rev. 12/04)

Page 2

06-790

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware |
|---|---|

| Name (under which you were convicted): Lawrence B. Dickens | Docket or Case No.: |
|---|---|

| Place of Confinement: Sussex Correctional Institution | Prisoner No.: 124570 |
|---|---|

| Petitioner (include the name under which you were convicted) Lawrence B. Dickens | v. | Respondent (authorized person having custody of petitioner) Richard Kearney, Warden |
|---|---|---|

| The Attorney General of the State of Delaware, Carl C. Danberg |
|---|

FILED
DEC 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Superior Court (New Castle) Wilmington, DE
   
   (b) Criminal docket or case number (if you know): (79800001DI)

2. (a) Date of the judgment of conviction (if you know): February 5, 1980
   
   (b) Date of sentencing: February 20, 1980; April 11, 1980

3. Length of sentence: Natural life + 60 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Murder 1, Attempted Murder 1, Assault 1, and Possession of a deadly weapon during the commission of a felony

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

AO 241 (Rev. 12/04)     Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of Delaware

(b) Docket or case number (if you know): 99, 1981; 57, 1981

(c) Result: Affirmed

(d) Date of result (if you know): November 3, 1981

(e) Citation to the case (if you know): Dickens v. State, 437 A. 2d 159

(f) Grounds raised:

(1) That State violated defendant's right to due process by failing to disclose exculpatory evidence prior to trial and for failing to disclose a statement obtained from an eyewitness.

(2) That Trial Judge abused his discretion in admitting photographs of victim's injuries during trial.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

✎AO 241 (Rev. 12/04)

Page 4

        (5) Citation to the case (if you know):

        (6) Grounds raised:

    (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes  ☑ No

        If yes, answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: Superior Court (New Castle)

        (2) Docket or case number (if you know): <u>Dickens v. State</u>, Del. Super. 602 A.2d 95 (1989)

        #30

        (3) Date of filing (if you know): April 26, 1989

        (4) Nature of the proceeding: Postconviction Relief (Pro Se)

        (5) Grounds raised: Improper Jury Instructions; Conclusive presumption

&#42; Court appointed counsel for Dickens which contested the authority of the Superior Court imposing the three-year deadline for postconviction relief motions found in Criminal Rule 61(i)(1).

Docket #38, #39, 453, 1989 (Notice of Appeal) <u>Dickens v. State</u>, Del. Supr., No. 453, 1989, Christie, C.J. (Mar. 22, 1990)

IN79-08-0371 thru IN79-8-0377

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes  ☑ No

        (7) Result:

        (8) Date of result (if you know):

✎AO 241                                                                                                                                                                                                                        Page 5
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Superior Court (New Castle)

    (2) Docket or case number (if you know): Dickens v. State, No. 118, 1994, Walsh J.    Del. Supr.
    #45, #46.                                                                                                      (Aug. 25, 1994)

    (3) Date of filing (if you know): February 25, 1994

    (4) Nature of the proceeding: Postconviction Relief (Pro Se)

    (5) Grounds raised: Improper Jury Instructions, Ineffective Assistance of Counsel

Cr. A. Nos. IN 79-08-0371 R2 thru IN 79-08-0377 R2

    (6) Did you receive a hearing where evidence was given on your (petition), application, or motion?

    ☑ Yes    ☐ No

    (7) Result: DISMISSED

    (8) Date of result (if you know): March 10, 1994

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: Superior Court (New Castle)

    (2) Docket or case number (if you know): Dickens v. State Cr. ID. No. 79800001DJ
    #                                                                               Cr. A. Nos. IN 79-08-0371; 0372; 0376; 0377

    (3) Date of filing (if you know): Nov. 8, 2002

    (4) Nature of the proceeding: Postconviction

    (5) Grounds raised: Ineffective Assistance of Counsel under Brady

Dickens v. State, Del. Supreme Ct. No. 707, 2002, Berger, J (April 21, 2003)

♦AO 241 (Rev. 12/04)                                                                                                                         Page 6

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes    ☐ No

    (7) Result: *Motion was denied.*

    (8) Date of result (if you know): *Dec. 6, 2002*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☑ Yes    ☐ No

    (2) Second petition: ☑ Yes    ☐ No

    (3) Third petition:  ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

&AO 241 (Rev. 12/04)  Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction (Pro Se)

Name and location of the court where the motion or petition was filed: Superior Court (New Castle)

Docket or case number (if you know): #30  Cr. A. Nos. IN 79-08-0371 thru 0377

Date of the court's decision: Oct. 18, 1989

Result (attach a copy of the court's opinion or order, if available): See Exhibit A-1

(3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): 453, 1989

Date of the court's decision: MaR 27, 1990

Result (attach a copy of the court's opinion or order, if available): See Exhibit A 7, A/

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

⋆AO 241  
(Rev. 12/04)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Unconstitutional Improper Jury Instructions

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Whether the jury could easily have interpreted the challenged presumptions as conclusive at Petitioner's trial, like presumptions or as shifting the burden of persuasion, and because either interpretation would have violated the Constitution requirement that the State prove every element of a criminal offense beyond a reasonable doubt. Claim C.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why:

   Attorneys for the defense possessed the trial transcripts and they chose to address another issue during direct appeal.

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes     ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Postconviction motion Rule 61 (pro se)

   Name and location of the court where the motion or petition was filed:
   Superior Court (New Castle County) Wilmington, DE

   Docket or case number (if you know): #30; Cr. A. No. IN79-08-0371 thru IN79-08-0377

   Date of the court's decision: October 18, 1989

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available): REFER TO SUPPORTING PETITIONER'S APPENDIX SEE EXHIBIT A-1

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Supreme Court of Delaware

Docket or case number (if you know): Docket No. #38, 39, Del. Supr., No. 453, 1989

Date of the court's decision: March 22, 1990

Result (attach a copy of the court's opinion or order, if available):
REFER TO PETITIONER'S SUPPORTING APPENDIX, SEE EXHIBIT A 7

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

I filed a habeas corpus in the U.S. District Court which was dismissed without prejudice for failing to exhaust state remedies. Dickens v. Redman, C.A. No. 91-90 (SLR)

**GROUND THREE:** State withheld exculpatory evidence from defense and judicial abuse of discretion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Whether the state withheld exculpatory evidence which defense specifically requested in its letter of discovery and whether trial judge abused its discretion in denying the defense two requests for mistrial by this apparent foul denying defense the opportunity to present its case.
Claim E.

♦AO 241                                                                                                                                   Page 10
(Rev. 12/04)

    (b) If you did not exhaust your state remedies on Ground Three, explain why?

    (c)     **Direct Appeal of Ground Three:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

    (d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state: *habeas corpus*

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed: *U.S. District Court District of Delaware*

        Docket or case number (if you know): *Dickens v. Redman, C.A. No. 82-202-JLL*

        Date of the court's decision: *September 13, 1982*

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

        (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 12/04)                                                                                                                          Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *It was a mixed petition. My habeas corpus was dismissed without prejudice for failing to exhaust available state remedies.*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** *Ineffective Assistance of counsel and Failing to object*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *Rule states that you cannot raise ineffective assistance of counsel the first time.*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 12/04)                                                                                         Page 12

Name and location of the court where the motion or petition was filed: Superior Court (New Castle) IN-79-08-0377-R2

Docket or case number (if you know): Cr. A. Nos. IN-79-08-0371-R2, IN-79-08-0372-R2, IN-79-08-0373-R2, IN-79-08-0374-R2, IN-79-08-0375-R2, IN-79-08-0376-R2 #45, #46

Date of the court's decision: Affirmed or Summarily Dismissed March 10, 1994

Result (attach a copy of the court's opinion or order, if available):

See Exhibit A-7

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Supreme Court of Delaware

Docket or case number (if you know): No. 118, 1994 Dickens v. State Del. Supr. 648 A.2d 42

Date of the court's decision: Affirmed Aug. 25, 1994

Result (attach a copy of the court's opinion or order, if available):

See Exhibit A-7

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 12/04)  Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☒ Yes  ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.  U.S. District Court District of Delaware

   Dickens v. Redman, C.A. No. 91-90-SLR (dismissed w/o prejudice for failing to exhaust State remedies) (See attached Petitioner's supporting appendix)

   Dickens v. Redman, C.A. No. 82-202-JLL (dismissed w/o prejudice for failing to exhaust state remedies) (See attached Petitioner's supporting appendix)

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 12/04)                                                                                          Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joseph B. Green and John L. Sullivan (Public Defender's office) Wilmington DE 19804

(b) At arraignment and plea: SAME

(c) At trial: SAME

(d) At sentencing: SAME

(e) On appeal: SAME

(f) In any post-conviction proceeding: Joseph M. Bernstein (court appointed) 1102 West St., No. 702, Wilmington, DE 19801 ; (Pro se)

(g) On appeal from any ruling against you in a post-conviction proceeding: (Pro se)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* Petitioner filed two habeas corpus petitions prior to AEDPA provisions. First in 1982 and another in 1991 with both being dismissed without prejudice. It is believed that the U.S. District Court applied a "stay and abeyance" procedure. (See Appendix Exhibits #2, #4, #6). Dickens v. Redman, C.A. No. 82-202-JLL; and Dickens v. Redman, C.A. No. 91-90-SLR. They both were mixed petitions and they couldn't be adjudicated according

# CERTIFICATE OF SERVICE

I, LAWRENCE B. DICKENS, hereby certify that two copies of the attached PETITIONER MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS AND SUPPORTING APPENDIX and the original. were served by

[X] first class mail    [ ] hand delivery on this 21st day of December, 2006 upon the following person(s):

U.S. States District Court, Lockbox 18 844, King Street Wilmington, DE 19801

Attn: U.S. States District Court Court

Dated: 12/21/06

Lawrence B. Dickens
Sussex Correctional Institution
Route 113, P.O. Box 500
Georgetown, DE 19947
SBI: 124570    DOB: 12/24/55

21st December 2006

Judith Ann Lederman

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 19, 2007

IM: Lawrence B. Dickens  BLDG. Medium D
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500  # 124570
GEORGETOWN, DELAWARE 19947

U.S. States District Court
for Delaware, Clerk
Lock Box 18, 844 King Street
Wilmington, DE
        19801

COPIES



PRIORITY MAIL
UNITED STATES POSTAL SERVICE TM
LABEL 107R, OCT 1997    www.usps.gov