IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAWRENCE B. DICKENS,                    *

       Petitioner,                    *

                        *    C.A. No. 0 6 - 7 9 0  2006

       v.                              *

RICK KEARNEY, Warden,                   *

Sussex Correctional Institution         *

and Carl C. Danberg, Attorney           *

General for the State of Delaware       *

         Respondents.                   *

FILED

DEC 27 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

PETITIONER'S APPENDIX

Clerk:  United States District Court          Lawrence B. Dickens, Pro Se
       Lockbox 18, 844 King Street          Sussex Correctional Institution
       Wilmington, Delaware 19801           Georgetown, Delaware 19947

       Rick Kearney, Warden                 Attn:  Mr. Loren C. Meyers
       Sussex Correctional Institution           Deputy Attorney General
       Georgetown, Delaware 19947

       Mr. Carl C. Danberg                  Pursuant to U.S.C. Title 28
       Attorney General of the State        Section 2254, Rule 4 by
       of Delaware                          Certified Mail & Title 10
       820 North French Street              Del. C. 3103(c)
       Wilmington, Delaware 19801

-  1  -

TABLE OF CONTENTS

EXHIBIT 1:   Delaware Supreme Court's Order & Mandate (Dickens v. State, No. 453, 1989) ........................................ (A-1)

EXHIBIT 2:   U.S. District Court's Memorandum Opinion from the Honorable Judge Sudge L. Robinson ............................. (#27)

EXHIBIT 3:   Trial Transcript, D-206 .............................. (A-3)

EXHIBIT 4:   U.S. District Court's Order from the Honorable Judge Sue L. Robinson ........................................... (#28)

EXHIBIT 5:   Trial Transcript, D-229 through D-231 ............... (A-5)

EXHIBIT 6:   U.S. District Court's Order from the Honorable Judge Sue L. Robinson ........................................... (#29)

EXHIBIT 7:   State's Motion to Affirm (Dickens v. State, Del. Supr. No. 707, 2002) ......................................... (A-7)

EXHIBIT 8:   State's Motion to Affirm (Dickens v. State, Del. Supr. No. 453, 1989) ......................................... (A-8)

EXHIBIT A:   Jones v. State, Del. Supr. No. 285, 1989, Moore, J. (July 31, 1989)(Order) ......................................... (A-9)

EXHIBIT B:   Movant's Motion for Postconviction Relief and Supporting Memorandum ........................................ (B-1)

EXHIBIT C:   Superior Court (Dickens v. State, Cr. A. No. IN 79-08-0371R3,
(ORDER)      0372R3, 0376R3, and 0377R3 ID No. 79800001DJ ......... (C-1)

EXHIBIT D:   Supreme Court Postconviction Appeal and Supporting Memorandum ................................................ (D-1)

EXHIBIT E:   Delaware Supreme Court's Order & Mandate (Dickens v. State, No. 707, 2002) ........................................ (E-1)

EXHIBIT F:   Superior Court Criminal Docket Sheet ................ (F-1)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS,              §
                                  §
          Defendant Below,        §
          Appellant,              §
                                  §  No. 453, 1989
     v.                           §
                                  §  Court Below — Superior Court
STATE OF DELAWARE,                §  of the State of Delaware,
                                  §  in and for New Castle County;
          Plaintiff Below,        §  Cr.A. Nos. IN79-08-0371 thru
          Appellee.               §  IN79-08-0377

                    Submitted:  February 8, 1990
                    Decided:    March 22, 1990

Before CHRISTIE, Chief Justice, HORSEY, and HOLLAND, Justices.

                        O R D E R

     This 22nd day of March, 1990, it appears from the record
that:

     (1)  On February 8, 1990, appellee moved, pursuant to Rule
25(a), to affirm the judgment of the Superior Court on the ground
that it is manifest on the face of appellant's brief that the
appeal is without merit.

     (2)  The appellant, Lawrence B. Dickens, was convicted after
a Superior Court jury trial of murder in the first degree,
attempted murder in the first degree, assault in the first
degree, and possession of a deadly weapon during the commission
of a felony.  His convictions and sentences were affirmed by this
Court on direct appeal.  Dickens v. State, Del. Supr., 437 A.2d
159 (1981).

     (3)  On April 26, 1989, seven and one-half years after his
convictions were affirmed by this Court, Dickens filed a motion

A-1        Exhibit 1.

Dickens v. State, ... 453, 1989, Order issued ,arch 22, 1990; Corrected page, March 23, 1990.

his postconviction relief application, allegedly abused its discretion in failing to afford defense counsel an adequate opportunity to represent him effectively.

(5) The due process clause does not establish any right to collaterally attack a final judgment of conviction. United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976). The State of Delaware has, however, through the Superior Court Criminal Rules, provided for a means by which postconviction relief may be sought. Under the circumstances, the court may establish reasonable procedural time limitations. See 11 Del.C. § 5121; State v. Terry, Del. Supr., 148 A.2d 102, 104-05 (1959). This Court has specifically addressed and rejected the contention that the time limitations of Rule 61 deny a defendant "due process" by depriving him of a "right" to indefinitely pursue postconviction relief. Boyer v. State, Del. Supr., 562 A.2d 1186, 1187 (1989). It is clear that the Superior Court properly ruled that Dickens' motion is barred.

(6) Since Dickens did not challenge the jury instructions at the time of the trial, he is deemed to have waived objections he could have raised, Super. Ct. Crim. R. 30(a), Goddard v. State, Del. Supr., 382 A.2d 238, 242 (1977), unless he can demonstrate "cause" for relief from his failure to raise the issue and "actual prejudice" resulting from the alleged error. Super. Ct. Cr. R. 61(i)(3); Johnson v. State, Del. Supr., 460 A.2d 539 (1983); Conyers v. State, Del. Supr., 422 A.2d 345 (1980). Dickens, however, did not offer any explanation before the Superior Court for his failure to object to the instructions,

A-1

law, and to the extent that matters of judicial discretion are involved, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm the Superior Court is granted, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Andrew D. Christie_
Chief Justice

Form 1

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

DICKENS    vs    STATE

No. 453, 1989

Superior Court

New Castle County

Cr.A. Nos. IN79-08-0371 thru
0377

The following docket entry has been made in the above cause.

32.  April, 9.  Record and mandate to clerk of court below.  Case
         closed.

cc:  The Honorable Jerome O. Herlihy          Prothonotary
     Mr. Lawrence B. Dickens
     Eugene M. Hall, Esquire                  Received Above

                                             By: _____

                                             Date: _____

Date:   4/9/90          Exhibit 1.          Ol Howard
                         (A-1)              Assistant  Clerk

# Mandate

## THE SUPREME COURT OF THE STATE OF DELAWARE

TO _____ Superior Court _____ of the State of Delaware

in and for _____ New Castle _____ County:

# Greetings:

*WHEREAS*, in the case of:

State of Delaware

v.                          Cr.A. Nos IN79-08-0371 thru 0377

Lawrence B. Dickens

a certain judgment or order was entered on the _____ 18th _____ day of ____ October _____

19 __89__, to which reference is hereby made; and

*WHEREAS*, by appropriate proceedings the judgment or order was duly appealed to this Court,

and after consideration has been finally determined, as appears from the opinion or order of this Court filed on

____ March 22 _____ 19 __90__, a certified copy of which is attached hereto;

*ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED* that the judgment or order be and it is

hereby affirmed.

SIGNED, SEALED AND
ATTESTED BY:

_Assist_  *Clerk of the Supreme Court*

Issued _____ April 9 _____, 19 __90__

Supreme Court No.

(A-1)

Supreme Ct. Form 9

## State of Delaware
## Kent County
} ss.

I, .......... Cathy L. Howard .......... Assistant Clerk of the Supreme Court of the State of

Delaware, do hereby certify that the foregoing is a true and correct copy of    Order dated

March 22, 1990 in Dickens v. State, No. 453, 1989

as the same remains on file and of record in said Court.

IN TESTIMONY WHEREOF, I have hereunto set my hand and

affixed the seal of said Court at Dover this ...... 9th ..........

day of ..... April ............ . A.D. 19 .. 90 ..

....................................................

Assistant   Clerk of the Supreme Court.

(A-1)



# NEW CASTLE COUNTY PROTHONOTARY

PUBLIC BUILDING
11TH AND KING STREETS
WILMINGTON, DELAWARE  19801

DEBORAH H. CAPANO
PROTHONOTARY

TELEPHONE (302) 571 - 6470

APRIL 20, 1990

LAWRENCE B. DICKENS
DCC

EUGENE M. HALL, ESQ
DEPARTMENT OF JUSTICE
820 N. FRENCH STREET
WILMINGTON, DE  19801

RE: State of Delaware vs. LAWRENCE B. DICKENS
      I.D.#
      Cr.A.#        IN79-08-0371 thru 0377
      Supr.Ct#      453, 1989

Gentlemen:

    Please be advised that the MANDATE from the SUPREME COURT relative to the above-captioned case has been received and filed in this office with the following decision:

X_____   CASE AFFIRMED

_____   CASE DISMISSED

_____   CASE REMANDED

_____   CASE REMANDED WITH JURISDICTION TO:_____

_____   OTHER:_____

Very truly yours,

Deborah H. Capano,
Prothonotary

DHC:jf

CC:   Eugene M. Hall , Esq
      File
      Docketing

Exhibit 1.

A-1

27.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAWRENCE B. DICKENS,                )
                                    )
            Petitioner,             )
                                    )
        v.                          )    Civil Action No. 91-90-SLR
                                    )
WALTER W. REDMAN, Warden,           )
Delaware Correctional Center,       )
and CHARLES M. OBERLY, III,         )
Attorney General of the State       )
of Delaware,                        )
                                    )
            Respondents.            )

------------------------------------------------------------

Lawrence B. Dickens, petitioner, <u>pro</u> <u>se</u>.

Loren C. Meyers, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware; attorney for respondents.

------------------------------------------------------------

**<u>MEMORANDUM OPINION</u>**

Dated:  January 11, 1993

Wilmington, Delaware

Exhibit 2

ROBINSON, District Judge

## I. Factual and Procedural Background

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This Court issued an Order pursuant to Rule 4 of the Rules Governing § 2254 Cases requiring respondents to file an answer.  Respondents filed their Answer contending, _inter alia_, that the Petition must be dismissed for failure to exhaust state remedies as to some of the claims for relief included in petitioner's application for a writ of habeas corpus.  It thus appears that this matter is ripe for judicial action.

Dickens was convicted of various offenses, including first degree murder, by a Delaware Superior Court jury on February 20, 1980.  The convictions were affirmed on direct appeal. <u>Dickens v. State</u>, Nos. 57 & 99, 1980 (Del. Supr. Nov 3, 1981) (See D.I. 11).  In April 1989, Dickens unsuccessfully moved for postconviction relief pursuant to Delaware Superior Court Rule 61.  The Superior Court decision denying petitioner's Rule 61 motion was affirmed by the Delaware Supreme Court. <u>Dickens v. State</u>, No. 453, 1989 (Del. Supr. Mar. 23, 1990) (See D.I. 11). In February 1991, Dickens filed the instant petition for federal habeas relief.[1]

---

1.  In addition to the various grounds for dismissal raised in their Answer (D.I. 10), respondents also filed a motion to dismiss this action on the ground that the instant Petition constituted an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases (D.I. 13).  In response to the motion to dismiss, petitioner moved to strike the motion and the abuse of the writ defense based on his contention that respondents waived this defense by failing to raise it in their Answer. (D.I. 15)

(continued...)

Exhibit 2

## II. Exhaustion

The requirement that a petitioner exhaust all available state remedies prior to seeking federal habeas corpus relief is statutorily mandated under 28 U.S.C. §2254(b) and (c). Comity is the rationale underlying the exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings leading to the conviction at issue. Recognizing that principles of federal-state comity must restrain unnecessary "[f]ederal intrusions into state criminal trials", Engle v. Isaac, 456 U.S. 107, 128 (1982), the United States Supreme Court has held that the exhaustion requirement must be "rigorously enforced." Rose, 455 U.S. at 518; see also Santana v.

---

1.    (...continued)
In addressing the motion to strike, the Court found that respondents did not waive their abuse of the writ defense by failing to include it in their Answer and accordingly denied the motion to strike. (See D.I. 21 at 1-2, D.I. 22) As to respondents' motion to dismiss, the Court determined that respondents failed to satisfy their burden of pleading abuse of the writ, which requires a federal habeas respondent to state with clarity and particularity the petitioner's prior writ history and to identify with equal specificity the claims that appear for the first time. (D.I. 21 at 2-5 (citing McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991)) Accordingly, the Court stayed decision of respondents' motion and ordered respondents to file a submission satisfying their burden of pleading the abuse of the writ defense. (D.I. 22)

Respondents then undertook a proper investigation of petitioner's prior writ history which indicated that Dickens' 1982 federal habeas action was dismissed on exhaustion grounds. Respondents have concluded on the basis thereof that the instant petition "does not appear to be abusive under Rule 9(b)." (D.I. 24 at ¶ 7 (citing Rose v. Lundy, 455 U.S. 509, 520 (1982)) The Court therefore has denied respondents' motion to dismiss. (D.I. 26)

It should be noted also that petitioner appealed this Court's decision denying his motion to strike. (D.I. 23) The Third Circuit dismissed said appeal, which was moot in any event, for failure to prosecute. (D.I. 25)

Exhibit 2

<u>Fenton</u>, 685 F.2d 71, 77 (3d Cir. 1982), <u>cert</u>. <u>den'd</u>, 459 U.S.
1115 (1983).

Petitioner's first claim for habeas relief is that his
due process rights were violated by the operation of Delaware's
Superior Court Criminal Rule 61(i)(1). (D.I. 2 at ¶ 12A; D.I. 4
at 7-8)[2]  Petitioner also claims violation of his constitutional
rights in connection with assistance he received from a paralegal
employed by the Department of Correction in the preparation of
his Rule 61 motion for postconviction relief. (D.I.2 at ¶ 12D;
D.I. 4 at 26-29)  Similarly, Dickens claims that he received
ineffective assistance of counsel from the attorney appointed to

2.  This procedural rule provides in relevant part that "[a]
motion for postconviction relief may not be filed more than three
years after the the judgment of conviction is final . . . ."
Dickens' judgment of conviction became final, at the latest, on
November 3, 1981 when the Delaware Supreme Court affirmed his
conviction on direct appeal.  Accordingly, the plain language of
Rule 61(i)(1) would indicate that Dickens was time-barred from
seeking postconviction relief as of the effective date of this
new Delaware rule of criminal procedure, which was more than
three years after the date when Dickens' judgment of conviction
became final.  However, the Delaware Superior Court's Order
promulgating Rule 61, which was adopted on September 17, 1987,
precluded such a possibility by providing that the time
limitation in Rule 61(i)(1) would not become effective until
January 1, 1989, although Rule 61 otherwise became effective
on January 1, 1988. <u>See</u> <u>Boyer v. State</u>, 562 A.2d 1186, 1188 (Del.
Supr. 1989).
Dickens thus had a window of opportunity in which he could
file a motion for postconviction relief without being subject to
the Rule 61(i)(1) time-bar during the period after September 17,
1987, when he arguably received constructive notice of this new
time limitation rule, and prior to January 1, 1989 when the time-
bar became effective.  Of course, petitioner also was free to
file a motion for postconviction relief at anytime during the six
or seven years prior to the Superior Court's promulgation of the
Rule 61(i)(1) time-bar.  In fact, petitioner did not file a
motion in state court collaterally attacking his conviction until
April 1989, at which time his motion was time-barred.

Exhibit 2

represent him during the 1989 state postconviction proceedings.
(D.I. 4 at 34-36)  Petitioner also seeks federal habeas relief
based on his allegation that the Superior Court judge who ruled
on his Rule 61 motion and the attorney appointed to assist him in
the Rule 61 proceedings conspired to deprive him due process and
effective assistance of counsel in connection with said
proceedings. (D.I. 4 at 30-33)

     This Court previously has held, and reaffirms here,
that a claim of alleged deficiencies in state postconviction
proceedings does not state a cognizable ground for federal habeas
relief. Smith v. Redman, Civil Action No. 90-59-JLL, Report and
Recommendation at 9-11 (D. Del. March 25, 1991) (citing, inter
alia, Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.),
cert. denied, 495 U.S. 936 (1990); Franzen v. Brinkman, 877 F.2d
26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989); Kirby v.
Dutton, 794 F.2d 245, 247 (6th Cir. 1986)) (copy attached to D.I.
10), adopted, Final Order (D. Del. April 10, 1991).  The Supreme
Court has unequivocally held that "[s]tates have no obligation to
provide [postconviction] relief, . . ., and when they do, the
fundamental fairness mandated by the Due Process Clause does not
require that the state supply a lawyer as well." Pennsylvania v.
Finley, 481 U.S. 551, 556-57 (1987)  It is thus well-settled that
a claim of ineffective assistance of counsel in state
postconviction proceedings is not a cognizable federal habeas
claim. Murray v. Giarratano, 109 S. Ct. 2765, 2769 (1989);
Finley, supra.  Since petitioner's claims of deficiencies,

4

*Exhibit 2*

constitutional errors and inadequate or improper legal assistance
in connection with his state postconviction proceedings are not
cognizable under section 2254, the exhaustion requirement is not
applicable to these claims. See Tillett v. Freeman, 868 F.2d 106,
108 (3d Cir. 1989).

Dickens' remaining habeas claims clearly state
cognizable grounds for relief. The first of these claims is that
a portion of the jury instructions given at petitioner's trial
violated his constitutional right to a fair trial. (D.I. 2 at ¶
12B; D.I. 4 at 9-15) In particular, petitioner contends that the
jury instruction at issue unfairly shifted to petitioner the
burden of persuasion as to the issue of whether he acted with
intent to kill[3], in violation of the Supreme Court's holding in
Sandstrom v. Montana, 442 U.S. 510, 524 (1979).[4] Respondents

---

3. Dickens was convicted, inter alia, of first degree murder.
At trial, petitioner did not deny the shooting. Instead, he
sought to prove that he acted under extreme emotional distress
which, if proven, would reduce his murder charge to manslaughter.

4. The jury instruction which, according to Dickens, violated
the Fourteenth Amendment requirement that the state prove every
element of a criminal offense beyond a reasonable doubt is
disturbingly similar to the instruction declared unconstitutional
in Sandstrom. Specifically, the jury which heard Dickens' case
was instructed that "in considering the defendant's state of
mind, you should be aware that every person is presumed to intend
the natural and probable consequences of his act, and if a
voluntary, willful act has a direct tendency to destroy life, the
natural conclusion is that the taking of life was intended." (See
D.I. 10 at 3) In Sandstrom, the jury was instructed, in
violation of the defendant's due process rights, that "[t]he law
presumes that a person intends the ordinary consequences of his
voluntary acts." 442 U.S. at 517 (emphasis in original).

Exhibit 2

suggest, and the Court agrees, that "Dickens has . . . exhausted state remedies as to this claim." (D.I. 10 at ¶ 5)[5]

As just noted, Dickens claims also that he was denied effective assistance of counsel both during the trial stage and during the direct appeal stage of the Delaware criminal proceedings because his attorneys failed to raise his Sandstrom claim. (D.I. 2 at ¶ 12C; D.I. 4 at 21-24)  Petitioner appealed his conviction both directly and collaterally to the Delaware state courts.  Petitioner failed, however, to raise his claims of ineffective assistance of counsel both at trial and on direct appeal.  In attacking his conviction collaterally before the state courts, petitioner again failed to raise his ineffective assistance claims.  The first time petitioner raised his ineffective assistance of counsel claims before the Delaware state courts was on appeal to the Delaware Supreme Court from the

---

5.  It should be noted that, according to respondents, federal review of petitioner's Sandstrom claim is not permitted because the state courts refused to consider this claim on grounds of waiver or procedural default.  Although the Court does not reach the issue of procedural default here because, as discussed below, petitioner has not yet exhausted available state remedies, it appears that respondents' contention of procedural default has merit.  Petitioner seeks to rebut respondents' procedural default argument by claiming that his attorneys' failure to raise his Sandstrom claim at trial and on direct appeal amounted to constitutionally ineffective assistance of counsel.  Petitioner raises the ineffective assistance claims here both as independent grounds for relief from his conviction and as "cause" excusing his failure to raise the jury instruction objection at the proper stage of the state criminal proceedings.  Because the Court finds that petitioner has not exhausted available state remedies with respect to his ineffective assistance claims, the petition will be dismissed so that Dickens may exhaust state remedies.  After presenting these claims to the Delaware courts, if petitioner is unsuccessful he of course may refile for federal habeas relief and then raise his Sandstrom and ineffective assistance claims.

*Exhibit 2*

Delaware Superior Court's denial of his Rule 61 motion for
postconviction relief.  The Delaware Supreme Court refused to
consider these claims because, under Delaware law, failure to
raise an ineffective assistance of counsel claim before the
Superior Court precludes appellate review of the claim. <u>Dickens
v. State</u>, No. 453, 1989 at ¶ 6 (Del. March 23, 1990).

In order to exhaust state remedies, a petitioner must
have raised in the state courts the factual and legal premises of
the claims for relief he asserts in the federal proceeding.
<u>Gibson v. Scheidemantel</u>, 805 F.2d 135, 138 (3d Cir. 1986).

> "It is not enough that the petitioner
> presents to the state court the facts upon
> which a federal claim is based."  The claim
> must be substantially equivalent to that
> litigated in the state court.  Both the legal
> theory and the facts supporting a federal
> claim must have been submitted to the state
> court.

<u>O'Halloran v. Ryan</u>, 835 F.2d 506, 508 (3d Cir. 1987) (citations
omitted).

In the instant case, petitioner did not raise
ineffective assistance of counsel as an independent ground for
relief from his conviction before any Delaware state court.
Rather, on appeal from the Superior Court's denial of his Rule 61
motion, and in an effort to demonstrate cause for failing to
raise his <u>Sandstrom</u> claim at trial and avoid a finding of
procedural default, Dickens contended before the Delaware Supreme
Court that his attorneys were ineffective by their failure to
raise his <u>Sandstrom</u> claim.  Petitioner did not present the same
legal theory he presses here, i.e., that his attorneys provided

7

*Exhibit 2*

constitutionally defective assistance entitling him to relief from this conviction.  Thus, petitioner failed to fairly present his ineffective assistance of counsel claims to the Delaware courts.

Furthermore, in order to exhaust state remedies, the petitioner must have employed a procedural vehicle that affords the state courts the opportunity to consider the claims on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989).  "A claim is not deemed exhausted if it is raised for the first time in the state's highest court on discretionary review." Evans v. Court of Common Pleas, Delaware Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992) (citing Castille, supra).  Even assuming that Dickens presented his ineffective assistance claim to the Delaware Supreme Court, it nonetheless is clear that the exhaustion requirement was not satisfied as to this claim since Dickens failed to employ a procedural device which allowed the Delaware courts to consider his ineffective assistance of counsel claims, and since Dickens raised this claim for the first time in Delaware's highest court in a manner that allowed only discretionary review thereof.  Significantly, the Supreme Court refused to exercise such discretion and consider whether petitioner's attorneys were constitutionally ineffective, but at the same time the court did not specifically find that petitioner's ineffective assistance of counsel claims were waived or procedurally defaulted, nor did the court preclude further consideration of these claims. See O'Halloran, 835 F.2d at 509.

Exhibit 2

The Court therefore finds that Dickens has not exhausted available state remedies as to his ineffective assistance claims.

Petitioner has an available state remedy, in Superior Court Rule 61, which can be used to present his unexhausted claims to both the Delaware Superior and Supreme Courts. It appears that Dickens' efforts to seek further state court review of his conviction will not necessarily be futile. Although petitioner's motion for postconviction relief clearly would be time-barred by Rule 61(i)(1), and although failure to raise a claim in a previous postconviction motion bars consideration of the claim in a subsequent motion under Rule 61(i)(2), these "bars to relief . . . shall not apply to . . . a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." Delaware Superior Court Rule 61(i)(5). In addition, a determination that the motion is barred by any provision of Rule 61(i) is appealable to the Delaware Supreme Court, at which time petitioner can present these claims to that court. See Reynolds v. Ellingsworth, 843 F.2d 712, 723-24 (3d Cir.), cert. denied, 488 U.S. 960 (1988).

Since a fair reading of the state's postconviction rules indicates that the Delaware courts might well entertain petitioner's unexhausted claims, and given the apparent absence of any state court decision clearly foreclosing such a result, petitioner cannot demonstrate that he does not have an available

Exhibit 2

state remedy, which in turn justifies dismissal on exhaustion grounds. <u>Gibson</u>, 805 F.2d at 139-40; <u>Santana v. Fenton</u>, 685 F.2d 71, 74-75 (3d Cir. 1982), <u>cert</u>. <u>denied</u>, 459 U.S. 1115 (1983).

## III. Conclusion

Petitioner's failure to exhaust state remedies available to present his ineffective assistance of counsel claims compels the Court to dismiss the petition unless petitioner voluntarily dismisses these unexhausted claims. <u>Rose</u>, 455 U.S. at 520-21; <u>McMahon v. Fulcomer</u>, 821 F.2d 934, 940 (3d Cir. 1987). If petitioner chooses to dismiss the unexhausted claims, he must so inform the Court within fifteen days of today[6]. If petitioner does not so respond within fifteen days, the Court will enter an order dismissing the petition and denying the writ without prejudice to refile after petitioner exhausts available state remedies.

An Order consistent with this Memorandum Opinion shall issue.

FILED

---

6. Petitioner should note in this regard, however, that by amending the petition to delete any unexhausted claims, a subsequent federal habeas action filed by petitioner may be subject to dismissal as abusive of the writ pursuant to 28 U.S.C. § 2254 Rule 9(b). <u>Rose</u>, 455 U.S. at 520-21; <u>McMahon</u>, 821 F.2d at 940.

Exhibit 2

Degree when he intentionally causes the death of another person."

In order to find the defendant guilty of Murder in the First Degree, you must find both of the following elements have been established beyond a reasonable doubt: First, that the defendant caused the death of Myrtis A. Handy; and second, he caused the death intentionally.

When I say the defendant must be shown to have caused the death, I mean that the defendant, by his voluntary act, must have brought about the death in question and that the death would not have occurred but for the act of the defendant.

You must also find that the defendant acted intentionally. That is, it must have been the defendant's conscious object or purpose to cause the death in this case.

In considering whether or not the defendant acted intentionally, I call your attention to another statute, which reads in pertinent part this way: "The defendant's intention...at the time of the offense for which he is charged may be inferred by the jury from the circumstances surrounding the act he is alleged to have done. In making the inference permitted by this section,

A-2    Exhibit 3.

28.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAWRENCE B. DICKENS,              )
                                  )
            Petitioner,           )
                                  )
      v.                          )    Civil Action No. 91-90-SLR
                                  )
WALTER W. REDMAN, Warden,         )
Delaware Correctional Center,     )
and CHARLES M. OBERLY, III,       )
Attorney General of the State     )
of Delaware,                      )
                                  )
            Respondents.          )


O R D E R

      At Wilmington this   *11th* day of January, 1993, for

the reasons stated in the Court's Memorandum Opinion issued this

day;

      IT IS ORDERED that

      1.  The petition will be dismissed without prejudice

for failure to exhaust state remedies unless petitioner

voluntarily dismisses his unexhausted habeas claims. Rose v.

Lundy, 455 U.S. 509, 520-21 (1985); McMahon v. Fulcomer, 821 F.2d

934, 940 (3d Cir. 1987).

      2.  If petitioner chooses to dismiss the unexhausted

claims, he must so inform the Court within fifteen days of

today[1].  If petitioner does not so respond within fifteen days,

_____

1.  Petitioner should note in this regard, however, that by
amending the petition to delete any unexhausted claims, a
subsequent federal habeas action filed by petitioner may be
subject to dismissal as abusive of the writ pursuant to 28 U.S.C.
                                              (continued...)

Exhibit 4

the Court will enter an order dismissing the petition and denying

the writ without prejudice to refile after exhaustion of

petitioner's available state remedies.


_____
United States District Judge



_____

1.   (...continued)
§ 2254 Rule 9(b).  Rose, 455 U.S. at 520-21; McMahon, 821 F.2d at
940.

Exhibit 4

D-229

1        THE COURT:  Incorrectly?

2        MR. GREEN:  Yes.  My request was that the

3  specific subsection that applied was subsection three,

4  the reckless causing of serious physical injury to another

5  person.  I think by means of a deadly weapon.  I'm fairly --

6  fairly certain that is what I -- I may be mistaken, but

7  that is what I requested, and I think that the facts would

8  support a finding of a reckless causing of serious physical

9  injury, as opposed to an intentionally causing of the --

10  if the jury, for example, believes that Mr. --

11        THE COURT:  If that is correct, Mr. Green, then

12  I incorrectly understood your request.  I see.  I can

13  suggest that we have the jury return, and I can so instruct

14  them.

15        MR. GREEN:  I would ask that that be allowed,

16  Your Honor.

17        THE COURT:  Let's see if there is anything else.

18        MR. HALL:  Yes, Your Honor.  I have an exception

19  on extreme emotional disturbance or distress.

20        THE COURT:  What is that?

21        MR. HALL:  Your Honor, the State believes that

22  the Court should have given some explanation as to that

23  statute that the Court read.  And specifically, the State

A-5     Exhibit 5

D-230

1   would request that Your Honor instruct:  In determining

2   whether such a reasonable explanation exists, you should

3   consider whether a reasonable person in the Defendant's

4   situation under the set of circumstances as he believed

5   them to be would have suffered from extreme emotional

6   distress.

7         And furthermore, Your Honor, it was the State's

8   understanding that that was what the Court said yesterday

9   as to the Court's intention, that the Court was going to

10  read the statute and then explain the statute and read an

11  instruction from somewhere that had exactly this identical

12  language.  And it really caught the State off guard when

13  the -- when that instruction in the statute wasn't

14  explained.

15        THE COURT:  Well, yes, Mr. Green?

16        MR. GREEN:  Your Honor, in going back to my

17  request, my request is that Section 3 be read in addition

18  to Section 1, that they could -- it's in the alternative,

19  that --

20        THE COURT:  Very well.  The exceptions are noted.

21  With respect to the Assault First, I will ask the jury to

22  come back, and I will instruct them further.

23        MR. HALL:  Your Honor, can I assume that you are

A-5        Exhibit 5

*29.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAWRENCE B. DICKENS,                )
                                    )
            Petitioner,             )
                                    )
      v.                            )    Civil Action No. 91-90-SLR
                                    )
WALTER W. REDMAN, Warden,           )
Delaware Correctional Center,       )
and CHARLES M. OBERLY, III,         )
Attorney General of the State       )
of Delaware,                        )
                                    )
            Respondents.            )

**O R D E R**

At Wilmington this    *2d*    day of February, 1993, the
Court, having found that the instant petition contains both
exhausted and unexhausted claims for relief (D.I. 27), ordered
that this case be dismissed without prejudice for failure to
exhaust available state remedies unless petitioner voluntarily
withdrew his unexhausted claims by January 26, 1993 (D.I. 28).
Petitioner's having failed to voluntarily withdraw said claims or
otherwise respond to this Court's Order of January 11, 1993;

IT IS ORDERED that the petition is dismissed, and the
writ is denied without prejudice for failure to exhaust available
state remedies. See Rose v. Lundy, 455 U.S. 509, 520-21 (1985);
McMahon v. Fulcomer, 821 F.2d 934, 940 (3d Cir. 1987).

_____
United States District Judge

*Exhibit 6*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS,                    :

            Defendant-Below        :
            Appellant              :
                                   :     No. 707, 2002
    v.                           :
                                   :
STATE OF DELAWARE,                      :
                                   :
            Plaintiff-Below        :
            Appellee               :

## MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1.  A Superior Court jury in February 1980 convicted Lawrence B. Dickens of first degree murder and related offenses. The convictions were affirmed on direct appeal. *Dickens v. State*, 438 A.2d 159 (Del. 1981). In 1989, Dickens moved for post-conviction relief, challenging the jury instructions. Super. Ct. Dkt. Item ("DI") 30. The Superior Court denied the motion, *State v. Dickens*, Del. Super., 602 A.2d 95 (1989), and that decision was affirmed. *Dickens v. State*, 1990 WL 43318 (Del. Mar. 22, 1990) (Ex. A). In February 1994, Dickens again moved for post-conviction relief. DI 45-47. Superior Court denied that motion, and that decision too was affirmed. *State v.*

Exhibit 7

(A-7)

*Dickens*, 1994 WL 145988 (Del. Super. Mar. 10, 1994) (Ex. B),

*aff'd*, 1994 WL 466126 (Del. Aug. 25, 1994) (Ex. C).

2. Dickens again moved for state post-conviction relief in November 2002. This time, he charged that trial counsel had been ineffective in failing to present evidence that the decedent had had a knife. DI 61. *See generally* 437 A.2d at 162. Superior Court denied the motion, holding that the motion was foreclosed by Criminal Rule 61(i)(1). DI 63.

3. The Superior Court decision is clearly correct. Dickens' conviction became final in 1981 when the mandate was issued by this Court following the conclusion of the direct appeal. *See* Super. Ct. Crim. R. 61(m)(2). As a result, Dickens had until January 1, 1989 in which to file a post-conviction motion without running afoul of Criminal Rule 61(i)(1). *Boyer v. State*, 562 A.2d 1186, 1187-88 (Del. 1989). The motion filed in November 2002 was thus clearly untimely under Rule 61(i)(1), and it was accordingly barred by the rule. *E.g., Younger v. State*, 580 A.2d 552, 554 (Del. 1990). In light of this Court's prior decisions concluding that Dickens' prior post-conviction motions were untimely under Rule 61(i)(1), Superior Court hardly abused its discretion in coming to the same result with respect to Dickens' November 2002 motion.

4. Dickens also fails to establish on appeal that review was warranted under Criminal Rule 61(i)(5). Contrary to his suggestion in the opening brief, his attorney did present a defense of extreme emotional distress. *See* 437 A.2d at 162; 602

(A-7)

A.2d at 97.  Moreover, on direct appeal, the Court rejected Dickens' claim that the prosecution had failed to disclose the existence of the knife, thus violating *Brady v. Maryland*, 373 U.S. 83 (1963).  The Court wrote that "discovery of the knife could not create a reasonable doubt as to defendant's guilt and could have no bearing upon either party's case."  437 A.2d at 162.  If the knife was not material for purposes of Dickens' *Brady* claim, Dickens can not successfully argue that counsel's failure to investigate or present evidence about the decedent's possession of a knife influenced the outcome of the case.  *Cf. Skinner v. State*, 607 A.2d 1170, 1173 (Del. 1992).

        5.  The judgment of the Superior Court should accordingly be affirmed.


                              *Loren C. Meyers*
                              Loren C. Meyers
                              Chief of Appeals Division
                              Department of Justice
                              820 N. French St.
                              Wilmington, DE  19801
                              (302) 577-8500
                              Del. Bar ID 2210
March 20, 2003


A-7

577 A.2d 752 (Table)
**Unpublished Disposition**

**(Cite as: 577 A.2d 752, 1990 WL 43318 (Del.Supr.))**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

Lawrence B. DICKENS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

**No. 453,1989.**

Submitted Feb. 8, 1990.
Decided March 22, 1990.

Superior Court, New Castle County.

AFFIRMED.

Before CHRISTIE, Chief Justice, HORSEY and HOLLAND, Justices.

*ORDER*

**\*1** This 22nd day of March, 1990, it appears from the record that:

(1) On February 8, 1990, appellee moved, pursuant to Rule 25(a), to affirm the judgment of the Superior Court on the ground that it is manifest on the face of appellant's brief that the appeal is without merit.

(2) The appellant, Lawrence B. Dickens, was convicted after a Superior Court jury trial of murder in the first degree, attempted murder in the first degree, assault in the first degree, and possession of a deadly weapon during the commission of a felony. His convictions and sentences were affirmed by this Court on direct appeal. *Dickens v. State*, Del.Supr., 437 A.2d 159 (1981).

(3) On April 26, 1989, seven and one-half years after his convictions were affirmed by this Court, Dickens filed a motion in Superior Court for postconviction

relief, contending that the jury instructions given by the trial judge were defective under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), because portions of the instructions allegedly had the effect of shifting the burden of persuasion to the defendant. Thus, defendant contends that he was denied his right to due process because the State was not required to prove every element of the offense beyond a reasonable doubt. The State responded that Dickens' application for postconviction relief was time barred since it was not brought within the three-year time limit imposed by Superior Court Criminal Rule 61(i)(1) and since Dickens did not explain his failure to raise this contention on direct appeal. The Superior Court appointed counsel to assist Dickens with his postconviction application and directed the State to respond to the defense motion. *See* Super.Ct.Crim.R. 61(e), (f). After consideration of the parties' submissions and a review of the record, the Superior Court denied Dickens' motion for postconviction relief, concluding that Dickens' motion was time barred and also that the jury instructions were proper. We agree with the rulings of the Superior Court and affirm them.

(4) On appeal, Dickens contends that: 1) the three-year time limitation imposed by Superior Court Rule 61 violates his constitutional right of due process and equal protection of the laws, and the Superior Court lacked authority to promulgate the time bar; 2) the jury instructions given by the trial judge violate his constitutional rights under the due process clause; and 3) the trial court, after appointing counsel to assist him in his postconviction relief application, allegedly abused its discretion in failing to afford defense counsel an adequate opportunity to represent him effectively.

(5) The due process clause does not establish any right to collaterally attack a final judgment of conviction. *United States v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976). The State of Delaware has, however, through the Superior Court Criminal Rules, provided for a means by which postconviction relief may be sought. Under the circumstances, the court may establish reasonable procedural time limitations. *See* 11 *Del.C.* § 5121; *State v. Terry*, Del.Supr., 148 A.2d 102, 104-05 (1959). This Court has specifically addressed and rejected the contention that the time limitations of Rule 61 deny a

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

EXA 7

defendant "due process" by depriving him of a "right" to indefinitely pursue postconviction relief. *Boyer v. State,* Del.Supr., 562 A.2d 1186, 1187 (1989). It is clear that the Superior Court properly ruled that Dickens' motion is barred.

**\*\*2** (6) Since Dickens did not challenge the jury instructions at the time of the trial, he is deemed to have waived objections he could have raised, Super.Ct.Crim.R. 30(a), *Goddard v. State,* Del.Supr., 382 A.2d 238, 242 (1977), unless he can demonstrate "cause" for relief from his failure to raise the issue and "actual prejudice" resulting from the alleged error. Super.Ct.Cr.R. 61(i)(3); *Johnson v. State,* Del.Supr., 460 A.2d 539 (1983); *Conyers v. State,* Del.Supr., 422 A.2d 345 (1980). Dickens, however, did not offer any explanation before the Superior Court for his failure to object to the instructions, nor does he now advance an explanation before this Court except to contend that all of his attorneys were ineffective. Although ineffective assistance of counsel may under some circumstances amount to "cause" for failure to assert rights at the proper stage in the proceedings, Dickens cannot raise this contention for the first time on appeal. Supr.Ct.R. 8; *DuRoss v. State,* Del.Supr., 494 A.2d 1265, 1267 (1985). His motion on this issue is procedurally barred.

(7) Based on our rulings regarding Dickens' procedural defaults, this Court need not address the merits of Dickens' motion. However, this Court also rules that the well-reasoned opinion of the Superior Court to the effect that Dickens' contention as to the jury instructions fails on the merits is entirely correct.

(8) We also find that after appointing counsel to assist Dickens in his motion for postconviction relief, the court allowed the attorney ample time to answer the State's response to Dickens' motion. The attorney did respond, concluded that Dickens' motion appeared to be time barred, and stated that he would only address the merits if the Court agreed to hear the case on the merits. Under the circumstances, there was no abuse of discretion on the part of the trial court in issuing a decision on Dickens' application for postconviction relief without a further response from defense counsel.

(9) After a review of the record and the appellant's brief, we conclude that the appeal is without merit. The issues involved are clearly controlled by settled principles of Delaware law, and to the extent that matters of judicial discretion are involved, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm the Superior Court is granted, and the judgment of the Superior Court is AFFIRMED.

577 A.2d 752 (Table), 1990 WL 43318 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

A 7

Not Reported in A.2d
**(Cite as: 1994 WL 145988 (Del.Super.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES
BEFORE CITING.

Superior Court of Delaware, New Castle County.

STATE of Delaware
v.
Lawrence Brent DICKENS, Defendant.

**Cr. A. Nos. IN-79-08-0371-R2, IN-79-08-0372-R2,
IN-79-08-0373-R2, IN-79-08-
0374-R2, IN-79-08-0375-R2, IN-79-08-0376-R2,
IN-79-08-0377-R2.**

Submitted Feb. 25, 1994.
Decided March 10, 1994.

Upon Motion of Defendant for Postconviction
Relief--DENIED.

Eugene M. Hall, State Prosecutor, Dept. of Justice, for
the State.

Lawrence B. Dickens, pro se.

MEMORANDUM OPINION

HERLIHY, Judge.

*1 Lawrence B. Dickens [Dickens] moves for a second
time for postconviction relief pursuant to Superior
Court Criminal Rule 61.

On February 20, 1980 a jury convicted Dickens of first
degree murder, attempted first degree murder, assault
first degree and possession of a deadly weapon during
the commission of a felony. On November 3, 1981 the
Delaware Supreme Court affirmed his convictions.
*Dickens v. State,* Del.Supr., 437 A.2d 159 (1981). In
his direct appeal, Dickens raised several issues but did
not raise any of the issues he now raises.

On April 26, 1989 Dickens filed his first motion for
postconviction relief. While originally filed *pro se,* this
Court appointed counsel for Dickens and directed

responses to be made by the Attorney General's Office.

In his first postconviction relief motion, Dickens
raised for the first time the constitutionality of a portion
of the jury charge in his 1980 trial. Through counsel, he
contested the authority of this Court to impose the
three- year deadline, or any deadline, for
postconviction relief motions found in Criminal Rule
61(i)(1).

This Court held that it was within the rule-making
power of this Court to set such a deadline and that the
deadline was constitutional. *State v. Dickens,*
Del.Super. 602 A.2d 95, 98, 99 (1989) [*Dickens I* ].
This ruling was affirmed on appeal. *Dickens v. State,*
Del.Supr., No. 453, 1989, Christie, C.J. (March 22,
1990) (ORDER) [*Dickens II* ].

This Court also ruled that Dickens' claim was time
barred. *Dickens I,* 602 A.2d at 100. The Supreme
Court affirmed this holding as well. *Dickens II.* In
addition, notwithstanding his claim being time barred,
this Court held that the challenged jury instructions
were not constitutionally defective. *Dickens I,* 602
A.2d at 103. The Supreme Court affirmed this ruling.
*Dickens II.*

In this new, second motion, Dickens raises several
issues. He renews his constitutional attack on the
portion of the jury instructions challenged in his 1989
motion. In addition, he now claims that his trial and
(direct) appeal counsel were ineffective for not raising
the constitutional issue at the trial and again on appeal.
He claims he can show "cause and prejudice" why he
did not do so and why the Court should now entertain
his constitutional claim and his claim for ineffective
assistance of counsel. [FN1]

> FN1. Dickens makes no claim of
> ineffectiveness against counsel that this Court
> appointed for him in 1989.

In his first motion in 1989, Dickens did not raise the
issue of ineffective assistance of counsel. It appears
that he attempted to do so in his appeal of this Court's
1989 ruling.
Dickens, however, did not offer any explanation
before the Superior Court for his failure to object to
the instructions, nor does he now advance an
explanation before this Court except to contend that

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Ex A 17

all of his attorneys were ineffective. Although ineffective assistance of counsel may under some circumstances amount to "cause" for failure to assert rights at the proper stage in the proceedings, Dickens cannot raise this contention for the first time on appeal. [Citations omitted.]

*2 *Dickens II,* at 3-4.

Dickens' renewed challenge to the propriety of the jury instructions is clearly barred. First, the same challenge was made and all the cases he now cites were made and considered in 1989. This Court's earlier rejection of his argument and the Supreme Court's affirmance of that rejection adjudicated the very issue he now raises. Thus, his renewal is barred as formerly adjudicated. Rule 61(i)(4). *Flamer v. State,* Del.Supr., 585 A.2d 736, 745 (1990).

Reconsideration of a formerly adjudicated claim is "warranted in the interest of justice". Rule 61(i)(4). However, to warrant relitigation, Dickens is required to show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him". *Flamer,* 585 A.2d at 746.

While Dickens' newly appointed counsel focused on the three-year rule in his argument in 1989, this Court *sua sponte,* carefully reviewed the various case authorities upon which he now relies to challenge the jury instruction at issue. [FN2] Consequently, there is no interest of justice which would remove the bar of former adjudication.

> FN2. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Dickens' claim of ineffective assistance of counsel is also barred. The Supreme Court affirmed this Court's dismissal of his first motion for postconviction relief on March 22, 1990. *Dickens II.* Based on the language quoted above, Dickens had raised the claim of ineffective assistance of counsel in that Court, *albeit* for the first time. However, he did not raise the issue until about four years later in his current motion. In other words, he raises ineffective assistance of counsel more than three years after the Supreme Court's opinion became final. Thus, it is time barred. Rule 61(i)(1); *Marvel v. State,* Del.Supr., No. 335, 1993, Moore, J. (December 28, 1993) (ORDER).

This bar is not absolute. It is inapplicable where there is a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality ... of the proceedings." Rule 61(i)(5). Dickens contends this escape clause applies to his case. His basis is that the instruction is constitutionally infirm, that his lawyers were ineffective for not challenging the instruction at trial and, thus, his claim is "colorable" and not barred.

Dickens' argument is outright bootstrap. He overlooks the fact that this Court's rejection of his constitutional challenge was affirmed. *Dickens II.* Since his lawyers would not have prevailed on this issue, their "failure" to raise it hardly makes the current claim colorable. Therefore, the procedural relief of Rule 61(i)(5) is not present.

There is an additional bar to Dickens' claim of ineffective assistance of counsel. He failed to raise it before this Court in 1989. Rule 61(i)(3). Since he did not raise it in this Court five years ago, he must show cause for relief from this default and prejudice. *Id.*

*3 Dickens cannot do either. According to the papers he submitted in connection with his instant motion, Dickens had all the necessary transcripts of his trial in ample time to raise the issue in his first motion. He cites pertinent portions of the transcript in his current submission and, as noted, raised the issue in the Supreme Court four years ago. His appointed counsel in 1989 apparently did not believe this claim worthy of mention, however, to this Court.

Further, on the issue of cause, attorney error, short of ineffective assistance, does not amount to "cause". *Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990). Dickens must show some external impediment preventing the raising of his claim in 1989 to this Court. *Id.*

The record is clear the defendant had all the information he needed in 1989 to make the claim of ineffective assistance of counsel and had new counsel who was more than capable of raising this claim. In short, Dickens has utterly failed to show any impediment to his ability to raise the claim of ineffective assistance of counsel in 1989. Also, he has waited nearly four years after the Supreme Court rejected his claim as not properly raised before it to raise it in this Court and nearly fourteen years after his original trial.

Thus, Dickens cannot meet the cause test. His claim also fails under the prejudice test. The jury instruction

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

A 7

which he argues is constitutionally defective and that his counsel should have objected to it at trial and on direct appeal has been found to be not defective. *Dickens II.* Therefore, there could be no ineffective assistance of counsel. *Cf. Whiteman v. State,* Del.Supr., No. 445, 1993, Walsh, J. (January 31, 1994) (ORDER).

In sum, Dickens cannot show either cause or prejudice and his claim of ineffective assistance of counsel is barred. Rule 61(i)(3); *Younger,* 580 A.2d at 555.

Dickens' claim of ineffective assistance of counsel is barred because he could have brought it before and did not do so. When he filed his first motion, he had the transcript of his trial which he now uses to claim ineffective assistance of counsel. In 1989, he was required to set forth this claim. Rule 61(b)(2). His failure to do so makes his current petition repetitive and it is thus barred. Rule 61(i)(2); *Robinson v. State,* Del.Supr., 562 A.2d 1184, 1185 (1989).

Rule 61(i)(5) also provides relief from the procedural bars of Rules 61(i)(2) and 61(i)(3) where there is a colorable claim of a miscarriage of justice due to a constitutional violation. This Court has already found no relief for this reason from the time bar and the same reasoning applies, *ante* at 3-4.

Even though Dickens' claims of ineffective assistance of counsel are procedurally barred under Rules 61(i)(1), 61(i)(2) and 61(i)(3), they also lack merit. In order to proceed on a claim of ineffective assistance of counsel, Dickens must show (1) trial counsel's representation fell below an objective standard of reasonableness and (2) that, but for counsel's unprofessional errors, there is a reasonable probability that the result would have been different. *Albury v. State,* Del.Supr., 551 A.2d 53, 58 (1988); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that trial counsel's representation was professionally reasonable. *Flamer,* 585 A.2d at 753. A defendant must make substantive concrete allegations of both attorney performance deficiency and actual prejudice. *Robinson,* 562 A.2d at 1185. Dickens' allegation of ineffectiveness due to failure to challenge the jury instruction at trial and on direct appeal satisfies the need in this case to be specific.

*4 The jury instruction which Dickens challenges again now, as noted, was held not constitutionally infirm by this Court, *Dickens I,* 602 A.2d at 103, which holding was affirmed by the Supreme Court. *Dickens II.*

Thus, even if trial and direct appeal counsel had challenged the instruction in 1980-81, they would have been unsuccessful. Therefore, there was no way in which trial and direct appeal counsel were ineffective. *Skinner v. State,* Del.Supr., 607 A.2d 1170, 1173 (1992).

Defendant Lawrence B. Dickens' second motion for postconviction relief is DISMISSED because it is barred by Superior Court Criminal Rules 61(b)(2), 61(i)(1-4).

IT IS SO ORDERED.

1994 WL 145988 (Del.Super.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

A. 7

Page 1

648 A.2d 424 (Table)
**Unpublished Disposition**

(Cite as: 648 A.2d 424, 1994 WL 466126 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic
Reporter in a 'Table of Decisions Without Published
Opinions.')

Supreme Court of Delaware.

Lawrence B. DICKENS, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

**No. 118, 1994.**

Submitted: Aug. 12, 1994.
Decided: Aug. 25, 1994.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County; Cr.A. Nos.
IN79-08-0317R2 through 0377R2.

Superior Court, New Castle County, 1994 WL
145988.

AFFIRMED.

Before WALSH, HOLLAND and HARTNETT, JJ.

*ORDER*

WALSH, Justice.

**\*\*1** This 25th day of August, 1994, upon
consideration of the appellant's opening brief and the
appellee's motion to affirm pursuant to Supreme Court
Rule 25(a), it appears to the Court that:

(1) Lawrence B. Dickens ("Dickens"), appeals from
the denial of a motion for postconviction relief
pursuant to Superior Court Criminal Rule 61. Dickens
was convicted following a jury trial of first degree
murder and related offenses. His convictions and
sentence were affirmed on direct appeal. *Dickens v.
State,* Del.Supr., 437 A.2d 159 (1981). Dickens
subsequently filed a motion for postconviction relief

pursuant to Rule 61, asserting various grounds of relief.
The Superior Court denied the motion, finding the
claims either procedurally time-barred or substantively
without merit. *State v. Dickens,* Del.Supr., 602 A.2d 95
(1989). This Court affirmed that holding. *Dickens v.
State,* Del.Supr., No. 453, 1989, Christie, C.J. (March
22, 1990) (ORDER). Dickens later filed a second
postconviction relief motion, asserting: (1) that the
jury instructions given were constitutionally infirm and
(2) that he had received inadequate assistance of
counsel during his trial and appeal. That motion was
denied on procedural grounds. Dickens then filed a
motion for reargument of this ruling which was also
denied by the Superior Court.

(2) Dickens asserts on appeal that the instructions
given to the jury, that the law *presumes* a person to
intend the ordinary consequences of his acts, created a
presumption rather than permissive inference, thereby
improperly shifting the burden of persuasion and
relieving the State of proving every element of the
offenses beyond a reasonable doubt in violation of the
Fourteenth Amendment. *Sandstrom v. Montana,* 442
U.S. 510 (1979). As the Superior Court noted,
Dickens' constitutional attack of the propriety of the
jury instructions is procedurally barred since the
*Sandstrom* claim was raised and rejected in Dickens'
first postconviction motion and appeal.
Super.Ct.Crim.R. 61(i)(4); *Flamer v. State,* Del.Supr.,
585 A.2d 736, 745 (1990). The Superior Court also
held that Dickens failed to make the requisite showing
under Rule 61(i)(4) that reconsideration of his claim
was warranted "in the interest of justice." We agree
that Dickens has failed to establish any basis to
reconsider this formerly adjudicated claim. Hence, the
Superior Court properly denied this claim pursuant to
Rule 61(i)(4).

(3) Dickens also claims that he received inadequate
assistance of counsel since his attorney failed to make
the *Sandstrom* objection to the jury instructions or raise
the issue on appeal. The Superior Court held that the
claim was procedurally barred under Rules 61(i)(1),
61(i)(2), and 61(i)(3), and lacked substantive merit
under *Strickland v. Washington,* 466 U.S. 668 (1984),
since the underlying *Sandstrom* claim has been
formerly adjudicated. The Superior Court was entirely
correct that the claim was both procedurally barred as
untimely, repetitive, and defaulted, as well as

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

EX A 7

substantively without merit since our resolution of the *Sandstrom* claim on the merits in his first postconviction motion precludes Dickens from establishing that he was prejudiced by his attorney's failure to request such an instruction or raise the issue on appeal. *Skinner v. State,* Del.Supr., 607 A.2d 1170, 1173 (1992).

**\*\*2** (4) It is manifest on the face of appellant's opening brief that the appeal is without merit since the issues on appeal are clearly controlled by settled Delaware law and the well-reasoned decisions of the Superior Court dated March 10, 1994 and March 23, 1994 are free of any error of law.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 25(a), that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

648 A.2d 424 (Table), 1994 WL 466126 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

A-7

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on March 20, 2003, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

Lawrence B. Dickens
No. 124570
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

A-7

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS,            )
                                )
        Defendant-Below,        )
        Appellant,              )
                                )
    v.                          )        No. 453, 1989
                                )
STATE OF DELAWARE,              )
                                )
        Plaintiff-Below,        )
        Appellee                )

<u>MOTION TO AFFIRM</u>

Appellee hereby moves the Court pursuant to Supreme Court Rule 25(a) to affirm the judgment below on the grounds that it is manifest on the face of the appellant's brief that the appeal is without merit for the following reasons:

1.    Lawrence B. Dickens was convicted by a Superior Court jury of first degree murder, first degree attempted murder, first degree assault, and possession of a deadly weapon during the commission of a felony.  On direct appeal, his convictions and sentence were affirmed.  <u>Dickens v. State</u>, Del. Supr., 438 A.2d 159 (1981).  On April 26, 1989, seven and one-half years after his convictions were affirmed by this Court, Dickens moved for post-conviction relief, claiming the trial court's jury instructions were defective under <u>Sandstrom v. Montana</u>, 422 U.S. 510 (1979).  The Superior Court appointed counsel to assist Dickens and directed the State to respond to the motion.  <u>See</u> Super. Ct. Crim. R. 61(e), (f).  After consideration of the

A-8                    Exhibit 8.

parties' submissions and a review of the record, the Superior
Court denied Dickens' motion.  (A-1).

2.    Dickens filed his post-conviction motion on April 26,
1989 (B-3), i.e., after the effective date of the time
limitations of Superior Court Criminal Rule 61.  The motion was
filed seven and one-half years after this Court affirmed the
convictions on direct appeal.  See Dickens v. State, supra.
Hence, on its face, the motion was time barred under Super. Ct.
Crim. R. 61(i)(1).  Boyer v. State, Del. Supr., 562 A.2d 1186
(1989).  Dickens did not attempt to establish an exception to the
time bar, see Rule 61(i)(5), but instead challenged the
application of the time bar of Rule 61(i)(1) on two grounds:  1)
it violates due process and 2) the Superior Court lacked
authority to initially promulgate the time bar.  The Superior
Court correctly rejected both arguments.  Firstly, this Court has
rejected the due process claim raised by Dickens.  Boyer v.
State, supra at 1187-88.  Dickens' claim that the time bar is, in
effect, a statute of limitations, and thus requires legislative
action is misplaced.  Under Delaware law, post-conviction relief
is a creation of court rule and not of legislative action.  Thus
the time limitation of Rule 61(i)(1) is simply a rule of
procedure, not a statute of limitations.  Moreover, the
legislature has expressly vested the Superior Court with wide
rule-making authority.  11 Del. C. sec. 5121.  Finally, over 30
years ago, this Court held that the Superior Court, sitting as

A - 8

the Board of Canvass, unquestionably had the right to impose a
time limitation.  As this Court said:

> The fixing of a limitation of time for the
> exercise of the right to demand a recount is
> not a denial of the right to petition for
> such recount, but is a regulation adopted to
> further the orderly procedure of the canvass
> of the vote.  As such, it is more nearly
> analogous to court rules of procedure and
> practice than to a statute of limitation, to
> which the petitioner seeks to compare it.
> There is no doubt at all that courts,
> particularly in Delaware, have long had the
> inherent authority to promulgate rules
> governing practice before them, and, by such
> rules, to require the taking of certain steps
> within certain times.  The principle is so
> well fixed in Delaware law as to require no
> citation of authority

State v. Terry, Del. Supr., 148 A.2d 102, 104-05 (1959).  Thus it
well-settled Delaware Law that the Superior Court may establish
procedural time limitations such as Rule 61(i)(1).

      3.   Beyond the time bar of Rule 61(i)(1), because Dickens
did not challenge the jury instruction at trial, his failure to
object constituted a waiver of that claim.  Super. Ct. Crim. R.
30(a); Goddard v. State, Del. Supr., 382 A.2d 238 (1977).
Independent of the waiver analysis under Rule 30, the claim is
also procedurally defaulted unless he can show "cause and actual
prejudice."  Super. Ct. Crim. R. 61(i)(3); Conyers v. State, Del.
Supr., 422 A.2d 345 (1980).  In his post-conviction motion,
Dickens simply ignored his procedural default; he proffered no
"cause" for his failure to object to the instruction.  On appeal,
for the first time, Dickens claims that he should be excused from

A-8

the procedural default because all of his attorneys were
ineffective.  Op. Br. at 11.  Although ineffective assistance of
counsel can establish "cause," see Murray v. Carrier, 477 U.S.
478 (1986), Dickens cannot raise this claim for the first time on
appeal.  Supreme Court Rule 8; Duross v. State, Del. Supr., 494
A.2d 1265 (1985).  Thus, dismissal was entirely proper.  See
Jones v. State, Del. Supr., No. 285, 1989, Moore, J. (July 31,
1989) (order) (Exhibit A).

    4.    In sum, the procedural bars of Rule 61(i) compel
rejection of Dickens' claim.  Indeed, in order to preserve the
integrity of Delaware's procedural default rules, this Court
should not consider the merits of the claim.  Harris v. Reed, 109
S.Ct. 1038, 103 L.Ed.2d 308 (1989) (in order for the State's
procedural default rules to be given preclusive effect in future
federal litigation, the state court must make a "plain statement"
that its decision rests on independent state procedural grounds).

    WHEREFORE, the State respectfully requests this Honorable
Court to affirm the judgment below.

                              Richard E. Fairbanks, Jr.
                              Chief of Appeals Division
                              Department of Justice
                              State Office Building
                              820 N. French Street
                              Wilmington, DE  19801

Date: February 8, 1990

A-8

IN THE SUPREME COURT OF THE STATE OF DELAWARE

WAYNE ANDRE JONES,                    §
                                      §
          Defendant Below,            §
          Appellant,                  §
                                      §
    v.                                §    No. 285, 1989
                                      §
STATE OF DELAWARE,                    §    Court Below:  Superior Court
                                      §    of the State of Delaware in
          Plaintiff Below,            §    and for Sussex County in Cr.A.
          Appellee.                   §    Nos. S87-03-0101, 0104, 0105
                                      §    and 0109.

                    Submitted:  July 20, 1989
                    Decided:    July 31, 1989

Before HORSEY, MOORE and WALSH, Justices.

### O R D E R

This 31st day of July, 1989, it appearing that:

1) Pursuant to Rule 25(a), the State moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit.

2) In 1987 Wayne Andre Jones pled guilty in the Superior Court to the charges of second degree burglary (2 counts), felony theft, and misdemeanor theft. On February 19, 1988, he was sentenced. Approximately six months later, at a violation of probation hearing, his probation was revoked, and the original sentence was reimposed, but suspended after two years in jail. Jones did not directly appeal that order to this Court. Instead, he wrote to the Superior Court judge who had originally sentenced him and then filed a post-conviction relief motion which was directed to another judge who presided at the probation revocation hearing. The crux of Jones' complaint was

Exhibit A          A-8

that because he was serving a concurrent probationary sentence in the Court of Common Pleas, the Superior Court could not lawfully revoke his probation.    The sentencing judge answered Jones' letter, and Jones attempted to appeal that answer to this Court. That appeal was dismissed as meritless and interlocutory.    Jones v. State, Del. Supr., No. 403, 1988, Moore, J. (May 11, 1989) (order).    In the interim the judge who heard the probation violation denied Jones' post-conviction relief application. Jones did not file a timely appeal from that order.    Jones then filed a second post-conviction relief application and raised two claims:  1) he had a Sixth Amendment right to counsel at the revocation hearing; and 2) because he had no contact with his probation officer, his probation could not have been violated. The Superior Court denied that motion.    Jones has filed an opening brief with the Clerk of this Court which, because Jones is pro se, is being treated as both the notice of appeal and his brief.

3)    The Superior Court's decision is manifestly correct.    Though not mentioned by the lower court, Jones' motion was subject to summary dismissal for two procedural reasons. Jones' challenge to revocation of his probation could have been, but was not, raised by a direct appeal to this Court.    Because Jones did not file a direct appeal, he had to establish in this proceeding both cause for not raising the issues on direct appeal and actual prejudice resulting from the alleged errors.    Superior Court Criminal Rule 61(i)(3).    Jones, however, did not attempt before the Superior Court to explain his failure to file a direct appeal, and he fails to tender any explanation now.    As a result, his motion was procedurally barred.    Johnson v. State, Del.

Supr., 460 A.2d 539 (1983); <u>Conyers v. State</u>, Del. Supr., 422 A.2d 345 (1980).

4) In addition, Jones' current allegations could have been but were not, raised in his prior post-conviction motion. Because Jones had not presented these claims, he had to show that consideration of his new claims was "warranted in the interest of justice," Superior Court Criminal Rule 61(i)(2), or that "there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgment of conviction." Superior Court Criminal Rule 61(i)(5). Jones did not offer any explanation before the Superior Court for his failure to raise these claims earlier and to consider them in this case, and he has advanced no explanation now. As a result, his motion was procedurally barred. <u>Robinson v. State</u>, Del. Supr., ____ A.2d ____ (1989).

5) On the merits of his claims, Jones fares no better. In the first instance although he raised a Sixth Amendment right to counsel claim in the Superior Court, he has not addressed that issue in his brief. The claim is therefore abandoned and waived. <u>Stillwell v. Parsons</u>, Del. Supr., 145 A.2d 397, 402 (1958). Additionally, the claim is otherwise foreclosed by this Court's recent decision in <u>Jones v. State</u>, Del. Supr., ____ A.2d ____ (1989). The only claim which Jones has briefed is an assertion that it is unlawful to revoke his probation before he was given an opportunity for rehabilitation as envisioned by 11 <u>Del.C.</u> § 4321. His claim is without merit. According to Jones, he had

A-8

contact with the probation officer, but because he had transportation problems, his case was transferred. **Then**, he committed a new crime before the active supervision **had** begun. In essence, Jones argues that absent counselling by **a** probation officer, he is immune from any violation of probation charge. Such a claim is untenable in light of this Court's recent decision in Williams v. State, Del. Supr., ___ A.2d ___ (1989) (trial court may revoke a probationary sentence even prior to the commencement of that sentence). Moreover, given Jones' recurring displays of recidivism (a new criminal offense committed within 6 months after he was placed on probation), there is simply no basis to complain about the termination of his probation. See Williams v. State, supra, slip op. at 8.

6) It is manifest on the face of appellant's brief that the appeal is without merit. The issues on appeal are clearly controlled by settled Delaware law, and there was no error of law. The record fully supports the findings of the trial court and clearly there was no abuse of discretion. Rule 25.

NOW, THEREFORE, IT IS ORDERED pursuant to Rule 25 that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

BY THE COURT:

_____
                                    Justice

A-8

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR ___NEW CASTLE_____ COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| v. | ) | I.D.#79800001DJ |
| | ) | Cr.A.#ID IN79-08-0371R2,0372R2, |
| Lawrence B. Dickens | ) | No. 0376R2, and 0377R2 |
| Name of Movant on Indictment | ) | (to be supplied by Prothonotary) |
| | ) | |
| LAWRENCE BRENT DICKENS | ) | |
| Correct Full Name of Movant | ) | |

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)    This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)    All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)    Additional pages are not permitted.  If more room is needed, use the reverse side of the sheet.

(4)    No citation of authorities is required.  If legal arguments are submitted, this should be done in a separate memorandum.

(5)    Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)    When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered.  No fee is required.

(7)    The motion will be accepted if it conforms to these instructions.  Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1.    County in which you were convicted ___New Castle_____

2.    Judge who imposed sentence ___Honorable Judge O'Hara_____

3.    Date sentence was imposed ___April 11, 1980 and February 20, 1980___

4.    Offense(s) for which you were sentenced and length of sentence (s):
Murder 1- Natural Life; Attempted Murder 1- 45 years; Assault 1- 15 years
and Possession of a Deadly Weapon During the Commission of a Felony- No
sentence imposed, refer to State v. Hunter, opposition.

*Exhibit B-1*

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?
    Yes ( )    No ( xx)
    If your answer is "yes," give the following information:
        Name and location of court(s) which imposed the other sentence(s):

        _____
        _____
        Date sentence(s) imposed: _____
        Length of sentence(s) _____

6.  What was the basis for the judgment(s) of conviction?  (Check one)
        Plea of guilty ( )
        Plea of guilty without admission of guilt ("Robinson plea")  ( )
        Plea of nolo contendere  ( )
        Verdict of jury  ( xx )
        Finding of judge (nonjury trial)  ( )

7.  Judge who accepted plea or presided at trial  Honorable Judge O'Hara

8.  Did you take the witness stand and testify?  (Check one)
    No trial ( )    Yes ( xx )    No ( )

9.  Did you appeal from the judgment of conviction?  Yes ( xx )    No ( )
    If your answer is "yes," give the following information:
        Case number of appeal  57 and 99, 1981
        Date of court's final order or opinion  November 3, 1981

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court?  Yes ( xx)  No ( )
    How many? ( 4 )
    If your answer is "yes," give the following information as to each: dismissed w/o prejudice
        Nature of proceeding(s) @- Rule 61s (2); and Federal Habeas Corpus (2)
        Grounds raised  Ineffective assistance of counsel under Sandstrm defective jury instructions. State must prove every element of a criminal offense beyond a reasonable doubt; ineffective assistance at trial and direct appeal stages: Prosecution withholding evidence (Brady Issue.)

        Was there an evidentiary hearing?  No
        Case number of proceeding(s)  Refer to reversed side.
        Date(s) of court's final order(s) or opinion(s)  Refer to reversed side.
        Did you appeal the result(s)?  Yes

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:
        At plea of guilty or trial  Joseph B. Green and John L. Sullivan
        On appeal  Joseph B. Green and John L. Sullivan
        In any postconviction proceeding  X Joseph M. Bernstein and Pro Se

2

B-1

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: __Ineffective Assistance of Counsel under the Brady issue.__

Supporting facts (state the facts briefly without citing cases):

Counsel was ineffective under the Brady issue, due to his not presenting evidence within his possession to the Trial Court concerning the knife or knives that defendant informed him that the victim had in her possession and confronted defendant within a threatening manner. Defense counsel refused to investigate this important piece of evidence, or

Ground ~~two:~~ _____ submit it to the Trial Court. See Reversed side.

Supporting facts (state the facts briefly without citing cases):

_____
_____
_____

Ground three: _____

Supporting facts (state the facts briefly without citing cases):

_____
_____

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: This ground, due to the fact that defendant was under the impression that the Brady issue could only be brought against the Prosecution.

_____
_____
_____
_____

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

_November 6, 2002_____          _Lawrence B. Dickens_____
Date signed                      Signature of Movant
                                 (Notarization not required)

forms/mtnpcr.wp  2/94

B-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Lawrence B. Dickens,              )
   Defendant/Movant              )       I.D.#79800001DJ
                                )
     v.              )       Criminal Action Numbers
                                )       IN-79-08-0371R2,0372R2,
STATE OF DELAWARE              )       0376R2, and 0377R2
                                )
                                )
                                )

MEMORANDUM OF LAW IN SUPPORT OF POSTCONVICTION
RELIEF CRIMINAL RULE 61

    Defendant submits the following Memorandum of Law and Argument in Support of Defendant's claims that his defense counsel did prejudice him and his case, by failing to investigate witnesses and evidence and such evidence from the State, Court and jury.  Thus violating defendant's right to have all evidence presented and heard by this Court and jury, and by doing so it clearly affected the outcome of the jury's decision and reflecting the standards to implement the ineffective assistance of counsel test of Strickland and the Six Amendment Right of the United States Constitution.

*Lawrence B. Dickens*
Lawrence B. Dickens, Pro Se
Sussex Correctional Institution
P.O. Box 500, Merit- West
Georgetown, Delaware 19947

Dated: *November 6,*    2002

i

B-1

PRELIMINARY REVIEW

Within this present Postconviction Relief Rule 61, the movant will respectfully submit and prove that there is a strong reasonable probability or even a factual assertion that had defense counsel made a substantial effort to investigate what was told to him by his client (the defendant), investigate all the evidence and presented such witnesses and evidence to the State, Court and jury and not violated the Brady issue, the result of the proceedings would have been totally different.

The Procedural Bars have been Overcome or Passed Through.

The Standard and Scope of Review to this argument is whether the defendant's claim(s) for relief meet the procedural bars and hurdles of the Superior Court Criminal Rule 61(i)(1)(2)(3)(4) and (5) in a manner which will permit this Court the opportunity to evaluate the merits of the defendant's claim(s) and to grant the relief requested.
Defendant can and will establish that the procedural hurdles of the Superior Court Criminal Rule 61 have been overcome and/or passed through.

The Time Limit does not apply.

Defendant filed his first Postconviction Rule 61 pursuant to Superior Court Criminal Rule 61 and did file his first Rule 61 within the 3 years required limit. Defendant then appealed within the 30 days time period of denial. Thus after appeal, defendant filed his second federal habeas corpus, within the United States District Court for the District of Delaware. It was dismissed without prejudice for failing to exhaust available state remedies. The defendant returned to the State courts and refiled his second Postconviction Rule 61, which was barred by this Court. Prior to this defendant acting Pro Se filed his first habeas corpus back in 1982, it was summarily dismissed without prejudice because there still existed unexhausted claims within. Defendant has ultilized every available remedy in order to satisfy the District Court and now submits the following Superior Court Criminal Rule 61 Postconviction Relief to exhaust his final state remedies of present arguments so as to have his case properly heard within the United States District Court for the District of Delaware.

Cause and Prejudice is Overcome.

Under Rule 61(i)(3), the defendant must demonstrate both the "cause and prejudice" in order to have his merits of his claim(s) reviewed by this Court and ay relief requested be granted.

"Cause Prong" Proven.

The cause prong of Rule 61(i)(3)(a) can be met or demonstrated by proving that the defendant received ineffective assistance of counsel at pretrial, trial, sentencing and at appellant stages. In this examination of the first prong of Strickland, this Court must turn to the Third Circuit Court of Appeals and the United States Supreme Court rulings to determine if the attorneys acted in an objectively reasonable manner. This being that neither the United States District Court for the District of Delaware or the U.S. Supreme Court are bound by

β-1

the State court's conclusion regarding the performance of an attorney and the resulting prejudice. Further, a State court's decision that counsel rendered effective assistance is not a finding of fact binding upon the federal courts, due to its being a mixed question of law and fact and not a question of historical fact. Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed. 2d 722.

Within, defendant's argument he has proven that defense counsel failed to exercise Brady status and that in doing so prejudiced defendant severely before the Court and jury and if executed Brady properly, it would have caused a different verdict to have been brought forth by the jury.

"Prejudice Prong" Proven.

The prejudice prong of Rule 61(i)(3)(b) can be demonstrated by proving that the defendant was prejudiced or denied proper due process by his counsel. Even though the ineffective assistance analysis under Strickland focuses on counsel's actual performance at trial, Strickland, 466 U.S. at 686-687, 104 S.Ct. at 2064, the analysis under Chronic looks to "the circumstances surrounding counsel's representation." Chronic, 466 U.S. at 658, 104 S.Ct. at 2046.

Therefore, turning to prong two of the Strickland test and examining whether there is reasonable probability that, but, for defense counsel's unprofessional errors, the result of the proceedings would have been different. The Strickland Court provided substantial guidance regarding the proper analysis of prejudice, to meet. Defendant argues within his claims that if counsel had executed Brady as dictated by the U.S. Supreme Court in this within case and had investigated all witnesses and evidence and had not withheld such from the Court, State and jury, defendant would have been definitely found guilty of a lesser included offense or acquitted of murder first degree, as the evidence would have substantially proven that no intent was present.

Interest of Justice Proven.

Rule 61(i)(4) provides in part that any ground for relief that was formerly adjudicated is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Defendant's present claim has never been reviewed by this Court or any State court or adjudicated upon, thus the hurdle of non-review is cleared and this Court can review this in the interest of justice, as is warranted.

A Miscarriage of Justice is proven in this case.

Under Rule 61(i)(5), a defendant who can demonstrate that there was a miscarriage of justice because of a constitutional violation in his case, may have his claim(s) for relief reviewed and the requested relief granted by the Court, even though the claim(s) may be otherwise barred. Though the findings or terminology in this area may be sometimes confusing, at the federal level this term has been described as a showing of factual innocence. Murray v. Carter, 106 S.Ct. 2639, 2649. But, in Delaware courts, even though over the State's objection, this term has been defined more broadly to include deprivations of substantial rights. Webster v. State, Del. Supr., 604 A.2d. 1364, 1366 (1992), citing Younger, 580 A.2d at 555.

Defendant has proven there was a miscarriage of justice in his case also by the very same actions as described in this preliminary review and within argument, and thus permitting defendant to have his claims considered on the merits of constitutional errors that would otherwise be barred. Webster, Supra; and Schulp v. Delo, 115 S.Ct. 851, 861.

B-1

I.    Ineffective Assistance of Counsel


Standard and Scope of Review


The Standard and Scope of Review of this Argument is whether or not
Defendant's defense attorney(s) representation fell below any reasonable
standards, did attorney(s) not introducing the vital evidence of the knife
or knives, as required under Brady, in any manner prejudiced the defendant,
and if not for defendant's attorney(s) actions, would there have been a
probability (a reasonable one) that the outcome of the proceedings would
have been different and the defendant found guilty of a lesser included
offense.


ARGUMENT


In an examination of the first prong of the Strickland test, this Court
must turn to the law of the Third Circuit Court of Appeals and the United
States Supreme Court rulings, to determine if an attorney acted in an ob-
jectively reasonable manner.
Whereas, the Ineffective assistance analysis under Strickland, 466 at
687-688, 104 S.Ct. at 2064-2065 focuses totally on counsel's actual perform-
ance at trial.  The analysis under Chronic, 466 U.S. at 658, 104 S.Ct. 2046,
looks at the circumstances surrounding counsel's representation at pretrial,
trial, and sentencing stages, as well as appellant stages.  Defendant is aware
that to prevail on this argument, he must establish that his attorney(s) failed
to exercise the skill and diligence that a reasonable competent attorney would
exercise under similar circumstances and show that he was prejudiced by his
attorney(s) ineffectiveness.  Strickland, Supra, and Hill v. Lockhart, 474,
U.S. at 57, 106 S.Ct. at 368-370 (citing Strickland).
Thus it is a fair assessment that the defendant's counsel was required to
make every effort to eliminate the effect of hindsight and this Court should
attempt to reconstruct the circumstances of the counsel's challenged conduct
and to evaluate that conduct from the defendant's and counsel's perspective at
that time.  Strickland, 104 S.Ct. at 2065.  Yet, just as hindsight cannot be
used to condemn counsels performance, it also cannot be used to justify it.
Thus in this Court's reviewing and adjudicating any claim of actual ineffect-
iveness against defendant's criminal counsel, the ultimate focus of inquiry of
this Court must be on the fundamental fairness of the proceedings..., thus
this Court need not to determine whether defendant's criminal defense counsel's
performance was deficient before examining the prejudice factor by the defenant
as a result of the alleged deficiencies.  Strickland, 104 S.Ct. at 2052.
The failure of defendant's counsel to investigate anything that was told to
him or them and believe what was avered , totally prejudiced the defendant, thus
denying the defendant his right to effective assistance of counsel.  This reason-
able performance included all adequate investigation of the facts, consideration
of viable theories, and the development of all evidence to support those theories.
Plus any ineffectiveness claim embraces adequate pretrial investigation, and such

1

B-1

failure to do so, is an indication of total ineffectiveness. Carrigan v. Arvonio, 871 F.Supp. 222 (1994); McNamara v. U.S., 867 F.Supp. 369 (1994); Cox v. Norris, 133 F.3d 565; Eggleston v. U.S., 798 F.2d 374; U.S. v. Yizar, 956 F.2d 230; and McCoy v. Newsome, 953 F.2d 1252.

Within this present argument, the defendant will show that his counsels actions in not investigating defendant's claims of being threatened by the victim with a knife and that he feared for his life, questioning a viable witness and not presenting such evidence to the State as evidence in favor of the defendant, establishes that defense counsel conducted no proper investigation to assist or aid in the act of proving his innocence of the charge of murder first degree and thus would have had the jury to render a verdict to a lesser included offense.

In considering Commonwealth of Pennsylvania v. Torres, 477 A.2d. 1350 (1984), under ineffective assistance of counsel, the defendant will establish that his defense counsel was ineffective for failing to call or investigate an alibi witness, or submit evidence he was aware of to the State and this Court, but will prove the existence of such potential witness and evidence, which would have helped in establishing a self defense claim. Defendant will also supply a factual basis indicating the true identity of the witness and the evidence withheld, knowledge of the witness and evidence on the part of the defense counsel, and the material evidence that the witness would have provided and the exact manner that the witness and evidence would have been helpful to the defendant's cause. U.S.C.A. 6.

Under the guildelines involving criminal law pertaining to the weight of effect-iveness of counsel, it is ruled that "In a murder case, an attorney's duty to invest-gate all possible lines of defense is strictly observed." Furthermore, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigation(s) unnecessary." State v. Johnson, 794 A.2d. 654 (2002); Strickland, Supra; Foster v. Lockhart, 9 F.3d. 722, 726 (1993); Duval v. Reynolds, 139 F.3d 768, 777 (1998), (quoting), Coleman v. Brown, 802 F.2d. 1227, 1233 (1986).

In this present case, defense counsel was ineffective in the area which involves his investigating the existence of the steak knives which the defendant informed him about. Defendant also informed defense counsel that the dead victim had them in her possession when she attempted to approach him in an aggressive manner. Thus a total investgation should have been done by the defense counsel to ascertain whether any other witnesses saw the victim with the steak knife or knives during the confrontation. Also, an investigation was required by the defense counsel, in questioning police, detectives, and witnesses to learn the location of said knife or knives, submitting such to the State and Court as evidence in favor of defendant. U.S. v. Gray, 878 F.2d. 702, 711 (3rd 1989).

Contrary to the reasoning of defendant's attorney(s), if they had investigated all evidence and witnesses claimed viable by defendant and not withheld such evidence from the State and Court and jury, a self defense claim would have been totally rein-forced and the showing that it was even more unlikely that the defendant intentionally murdered the victim. A conviction under the self defense clause, would have reduced the charge of murder one to either murder two or manslaughter. This in itself would have helped the defendant considerably, because it would have made the extreme emot-ional stress argument substantial and not vulnerable to any attack by the State.

The only witness who could account for the defendant at the time of the incident, was Mr. Phillips, who became an eyewitness of the crime. He was positioned at a very close proximity, whereas he would shed some light on the validity of the defendant's story to his attorney during his initial interview. Since the defense counsel refused to believe defendant's story, it now appears that all attempts to erase his ineffect-iveness prior to as well as at trial was left unmitigated. Thus a continuance during trial would not satisfy nor justify, or qualify the attorney's performance, but would have made clear the extreme emotional stress defense. As noted in Foster v. Lockhart, Supra, "A tactical decision to pursue one defense does not excuse failure to present another that would bolster rather than detract from the primary defense." Lawrence v. Armontrout, 900 F.2d. 127, 130 (1990).

B-1

Defendant further asserts, that if defense counsel had pursued the proper investigation in the eyewitness and weapons in the possession of the victim at the time of the crime, and had not withheld such from the State, Court and jury, the defendant's self defense claim would have upheld and the results of the trial and verdict would have been extremely different, as the withheld evidence would have proven that the defendant was incapable of committing murder, or the shooting of the two other victims, while under severe and extreme emotional stress.

To show his attorney's deficient performance prejudiced, the defendant need not show that he would not have been convicted. Instead, he need only undermine the confidence in the trial's outcome. Alexander v. Armontrout, 985 F.2d 976, 978 (8th Cir.) cert. denied, ____ U.S. ___, 114 S.Ct. 224, 126 L.Ed. 2d 180 (1993).

Defendant can show, that except for the testimony of one of the victims, which falsely led the jury to believe the defendant was so violently threatening for over a period of nine months to do bodily harm to her and her family members. This was unfounded since none of this was in her initial statement or interview by police or State's attorney. This if investigated by defense counsel should have been suppressed and warranted an investigation by the defense counsel, or brought under objection by defense counsel as inadmissible evidence. Yet it was not at trial or on appeal.

The defendandant has proven that he was denied effective assistance of counsel as guaranteed by the 6th Amendment of the U.S. Constitution and that his counsel did violate his due process rights by withholding vital evidence from the Court, State and jury, that would returned a different decision by the jury in this present case.

Therefore, by defendant's counsels actions or misactions, they did totally jeopardize the defendant's case and severely prejudiced the defendant and denied him the opportunity to prove himself not guilty of the crimes against him. Thus in doing so, the result at trial would have been more favorable for the defendant.

The argument within and evidence sufficiently supports any "Cause and Prejudice" standard required by Rule 61(i)(4) and (5), thus giving the defendant full privileges and benefits of these rules.

B-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                    :
                                      :
            v.                        :        Cr. A. No. IN 79-08-0371R3,
                                      :        0372R3, 0376R3, and 0377R3
LAWRENCE B. DICKENS                   :        ID No. 79800001DJ

# ORDER

Lawrence Dickens ("Movant") has filed a motion for postconviction relief related to his conviction in 1980. He has previously filed such a motion which was denied on March 10, 1994. That decision was appealed and affirmed by the Supreme Court on September 13, 1994. This motion for postconviction relief is untimely; having been filed more than three (3) years after the judgment of conviction was final. The petitioner's allegations do not state a retroactivity applicable right that is newly recognized. Superior Ct. Crim. Rule 61(i).

The motion is DENIED.

IT IS SO ORDERED this _____ day of December, 2002.

_____
         Judge Susan C. Del Pesco

Original to Prothonotary
xc:    Lawrence B. Dickens, SCI, #124570
       Investigative Services File

Exhibit C -1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS,                    )
      Defendant Below,                )
      Appellant,                      )
                                      )
      v.                              )    No. _____
                                      )    Court Below:  Superior Court
STATE OF DELAWARE                       )    of the State of Delaware in
      Plaintiff Below,                )    and for New Castle County
      Appellee.                       )    Cr. A. Nos. IN79-08-0371R3,
                                      )    0372R3, 0376R3, and 0377R3.

## NOTICE OF APPEAL

To: Cathy L. Howard
    Clerk of the Delaware Supreme Court
    55 The Green
    Dover, Delaware  19901

      NOW COMES Defendant Below- Appellant, Lawrence B. Dickens filing this Notice of Appeal of the Honorable Judge Susan D. Del Pesco of the Superior Court of the State of Delaware in and for New Castle County, Order, dated, December 6, 2002, in reference to the above case of the New Castle County Superior Court for the State of Delaware. Dated:  December 20, 2002

                        _Lawrence B. Dickens, Pro se_
                        Lawrence B. Dickens, Pro Se
                        SBI.#00124570, Merit West
                        Sussex Correctional Institution
                        Georgetown, Delaware  19947

Exhibit D      D-1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE B. DICKENS,     \*
      Defendant Below,    \*
      Appellant,       \*
                   \*
      v.               \*    No. 707, 2002
                   \*    Cr. ID. No. 79800001DJ
STATE OF DELAWARE,       \*
      Plaintiff Below,    \*
      Appellee.       \*
                   \*

**APPELLANT'S OPENING BRIEF FROM DENIAL OF THE SUPERIOR COURT'S CRIMINAL RULE 61 POSTCONVICTION RELIEF PETITION**

Cathy L. Howard, Clerk
Supreme Court of Delaware
55 The Green, P.O. Box 476
Dover, Delaware 19903

Mr. Loren C. Meyers, Esquire
Department of Justice
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801

                          Lawrence B. Dickens, Pro Se
                          Merit West, SBI.#124570
                          Sussex Correctional Institution
                          Georgetown, Delaware 19947

Dated:     March 14, 2003

D-1

# TABLE OF CONTENTS

PAGE#

TABLE OF CITATIONS: ...................................   ii.

NATURE OF PROCEEDINGS: ...............................   iii.

SUMMARY OF ARGUMENT: .................................   iv.

STATEMENT OF FACTS: ..................................   v.

ARGUMENT: ............................................   1.




CONCLUSION: ..........................................   6.

i

D-1

TABLE  OF CITATIONS

PAGE#

Bey v. State, Del. Supr., 420 A.2d 362 (1979) ........................... 1.

Carr v. State, Del. Supr., 554 A.2d 778, cert. denied, 493 U.S. 829, 110 S.Ct. 98 (1989) ......................................................... 5.

Dickens v. Redman, C.A. No. 82-202-JLL (1982) ........................ v.

Dickens v. Redman, C.A. No. 91-90-SLR (1993) .......................... vii.

Dickens v. State, 437 A.2d 159 (1981) ................................ v.

Dickens v. State, ID.#79800001DJ (Del. Super. Ct. 2002) ................. iii.

Hunter v. State, 420 A.2d 119 (1980) ................................ v.

Murray v. Carrier, 477 U.S. 478 (1986) ................................ 3.

Smith v. Murray, 477 U.S. 527 (1986) ................................ 3.

Smith v. United States, 186 F.3d 290 (3rd Cir. 1999) ..................... 2.

Strickland v. Washington, 466 U.S. 668 (1984) .......................... 5.

U.S. v. Biberfeld, 957 F.2d 98 (3rd Cir. 1992) .......................... 4.

U.S. v. Bousley, 523 U.s. 614, 140 L.Ed. 2d 828 (1998) ............... 3,5.

U.S. v Freeman, 892 F.2d 331 (3rd Cir. 1989) .......................... 4.

U.S. v. Mannino, 212 F.3d 835 (3rd Cir. 2000) .......................... 5.

Wainwright v. Sykes, 433 U.S. 72 (1977) ................................ 3.

Weber v. State, 457 A.2d 674 (Del. Supr. 1983) .......................... 5.

Williams v. U.S., 615 F.2d 585 (1980) ................................ 5.

ii

D-1

NATURE OF PROCEEDINGS

This is in nature an appeal to the Supreme Court of Delaware in the matter concerning the Final Order from the New Castle County Superior Court from the Hon. Sue C. Del Pesco in the case Dickens v. State, ID.#79800001DJ (Del. Super.Ct. 2002).  Appellant's postconviction relief petition was denied on December 6, 2002 for being untimely; having been filed more than three (3) years after the judgment of conviction was final.  It was stated that the Appellant's petition for postconviction did not state a retroactivity applicable right that is newly recognized.  Superior Court Criminal Rule 61(i)(1).

Appellant is seeking a review in this matter whereas, he submits that is no fault of his own but instead claims it was the Delaware courts fault and has been all the long.

iii

D-1

SUMMARY OF ARGUMENT

1.   APPELLANT, OR DEFENDANT, IS LEGALLY ENTITLED TO APPELLANT

     REVIEW WHEN ALL THAT IS REQUIRED FOR A REVIEW IS DONE, AND

     THE DEFAULTS, ARE FROM THE ACTION AND INACTION OF COURT-

     RELATED PERSONNEL.

iv

D-1

STATEMENT OF FACTS

The Appellant was arrested on August 16, 1979 and charged with First Degree Murder, Attempted Murder in the First Degree (2 cts.), reskless Endangering (3 cts.), and Possession of a Deadly Weapon during the Commission of a Felony.

Upon indictment the Reckless Endangering charges were dismissed.

The Appellant proceeded to trial, whereas, he was represented by counsel assigned by the Public Defender's Office.  Following a jury trial he was found guilty on all charges except one count of Attempted Murder in the First Degree instead he was found guilty of a lesser included offense (First Degree Assault).

On February 20, 1980, the Superior Court imposed the sentence of natural life without the benefit of parole after the penalty phase in regards to the charge of Murder in the First Degree.  On April 11, 1980, again the Superior Court sentenced the Appellant to 45 years for one count of Attempted Murder First Degree; 15 years for Assault First Degree; and withheld sentencing him on the Possession of a Deadly Weapon during the Commission of a Felony pending the outcome of Hunter v. State, 420 A.2d 119 (1980).

Trial counsel Joseph B. Green filed a direct appeal which was decided on by the Delaware Supreme Court which subsequently affirmed Appellant's sentence and conviction.  Dickens v. State, 437 A.2d 159 (1981).

On April 22, 1982, Appellant filed for relief under Federal habeas corpus pursuant to 28 USC 2254.  The U.S. District Court dismissed the petition on September 13, 1982 for failing to exhaust state remedies.  Dickens v. Redman, C.A. No. 82-202-JLL.

Appellant subsequently began a campaign to obtain trial transcripts from his trial so as to properly prepare a pro se motion for postconviction relief in the state court as so ordered by the U.S. District.

This campaign lasted 8 years, and Appellant wrote many letters and petitions requesting the transcripts.  Finally, the U.S. District Court intervened and ordered the State to provide him with the transcripts.

v.

D-1

In December 1988 Appellant finally received the trial transcripts in accordance with the Order of the U.S. District Court. Appellant filed a pro se Super. Ct. Crim. Rule 61 postconviction relief petition in April 1989.

On July 26, 1989, he was appointed counsel by the Superior Court to represent him on the postconviction review. Counsel-appointed Joseph Bernstein, did not prepare any petitions for the Appellant or responses as would be required under Professional Norms of appointed counsel.

On August 11, 1989, Court-appointed counsel requested an enlargement of time to respond to the State's Answer. Appellant wrote to the Court on August 25, 1989 informing the Court that the court-appointed counsel had not discussed the matter with him and there was a lack of representation. Informing the Court that the court-appointed counsel never met with him and review the present issues.

On October 18, 1989, Appellant's postconviction petition was denied and the Court never addressed his letter in regards to his lack of legal representation during the postconviction proceedings as he was assigned to by the Court. Court-appointed counsel's letter dated, August 11, 1998, never was addressed by Superior Court Judge Herlihy instead his letter was treated like an Rebuttal to the State's Answer. Court-appointed counsel never filed a response to the State's rebuttal. Consequently, Appellant was denied representation during the postconviction proceedings based on this failure to advocate with the best interest of Appellant as ordered by the Superior Court.

November 6, 1989, Appellant filed a pro se Notice of Appeal to the denial of his postconviction Rule 61 petition into the Delaware Supreme Court. The Court-appointed counsel Bernstein then filed an "out of time" Notce of Appeal in the same court, on November 17, 1989.

Appellant prepared and filed a pro se brief in support of his appeal to the Delaware Supreme Court, January 23, 1990. The State filed their Answer in the same court on February 8, 1990. The Delaware Supreme Court affirmed the Superior Court's decision on March 22, 1990. Court-appointed counsel again did not address the issues or file briefs of support on Appellant's behalf.

On February 2, 1991, Appellant again filed for relief in the U.S. District Court pursuant to 28 USC 2254, presenting the same claims as presented in the State

D-1

petition and including a violation of his Sixth Amendment Right to effectiveness of counsel through postconviction proceedings and alleging the same in his initial proceedings.

Again, on February 2, 1993, Appellant's 28 USC 2254 was dismissed without prejudice by the U.S. District Court for failing to exhaust state remedies. Dickens v. Redman, C.A. 91-90-SLR. On February 23, 1993, Appellant a pro se Notice of Appeal in the Third Circuit Court of Appeals to review the U.S. District Court's decision. On November 8, 1993, the Third Circuit Court of Appeals affirmed the determination of the U.S. District Court and denied the Certificate of Probable Cause.

On February 25, 1994, Appellant filed a second postconviction petition under the Super. Ct. Crim. Rule 61 in the Superior Court for New Castle, bringing forth his ineffective assistance of counsel claim in violation of the Sixth Amendment Right of the U.S. Constitution as ordered by the U.S. District Court and affirmed by the Third Circuit Court of Appeals. On March 10, 1994, the Superior Court dismissed the petition as barred by Super. Ct. Crim. Rule 61(b)(2), and 61 (i)(1-4). On March 14, 1994, Appellant filed a pro se Motion for Reargument in the Superior Court alleging the time bar was no fault of his own and because of outside interference the time had lapsed. Motion for Reargument was denied on March 23, 1994 without briefing.

Appellant subsequently appealed the denial of his Postconviction Relief Rule 61 and Motion for Reargument, again as pro se, with the Delaware Supreme Court. On September 13, 1994, the Delaware Supreme Court upheld the denials of both the Postconviction Relief Rule 61 petition and the Motion for Reargument without allowing briefing or holding an Evidentiary Hearing to determine the cause.

On November 6, 2002, Appellant again filed for relief under the Superior Court Criminal Rule 61, in pro se, a petition for Postconviction Relief, in which it was assigned to the Honorable Susan C. Del Pesco. Exactly one month later, the Appellant was denied on his third Postconviction Relief Rule 61 as being untimely under Superior Court Criminal Rule 61(i), because it was filed more than three years after conviction became final.

Wherefore, Appellant hereby appeals the denial of his Postconviction Rule 61 to the Delaware Supreme Court and submits this Opening Brief and Appendix in support of his claims.

D-1

ARGUMENT I:

APPELLANT DID EVERYTHING REQUIRED TO BE LEGALLY ENTITLED
TO APPELLATE REVIEW OF ISSUES (ARGUMENTS) ON THEIR MERITS.

STANDARD AND SCOPE OF REVIEW

When an Appellant, or Defendant, does all that is required of him
in seeking appellate review, but defaults because of the action and inaction
of court-appointed personnel his petition for review will not be denied.  Bey
v. State, Del. Supr., 402 A.2d 362 (1979).

ARGUMENT

All the years that passed while Appellant was trying to have his
claims (issues/or arguments) heard on the merits occurred.  Appellant was not
able to get his petition into the Court expired the filing deadlines under
the Delaware Supreme Court Rules and Federal Rules of Criminal Procedure.

Appellant acted with "due diligence" to get his petition filed in
a timely manner with the respective courts.  When a defendant does all that is
required of him in seeking appellate review, but defaults because of the action
and inaction of court-related personnel, his petition for review will not be
denied.  Bey v. State, Del. Supr., 402 A.2d 362 (1979).

It took the U.S. District Court to intervene before Appellant was
successful in obtaining his trial transcripts with all the delays this supports
his argument that hindrances were not his fault.  The court-appointed counsel,
Joseph Bernstein, Esquire, did nothing to assist him and even allowed his
postconviction relief petition to be dismissed for failing to answer the
State's rebuttal.

In addressing the procedural bars as related to the rules imposed by
Super. Ct. Rule 61(i), in presenting the statute of limitations bar, Appellant
asserts that the restrictions in which the Superior Court relies on to time bar
his petition expressly violates his substantive and procedural rights to access

1                     D-1

the courts utilizing the State postconviction remedies.  In that the Appellant exercised due diligence in attempting to have his postconviction heard in a timely manner, and that the time delay was a direct result of the Delaware Courts, et al failure to provide him with his trial transcripts in a timely manner following the denial of his direct appeal.  The delay in obtaining the transcripts of his trial, in fact delayed the filing of his postconviction petition, qualifying it as an "external impediment" which is necessary to toll the statute of limitation in filing requirements.  The delay in filing falls under the doctrine of "Equitable Tolling", as defined by the Third Circuit Court of Appeals in Smith v. United States, 186 F.3d 290 (3rd Cir. 1999), in that if the delay in filing is no fault of the petitioner, the filing deadline is "tolled", provided the defendant acted with due diligence to overcome the obstacle.

The matter of Ineffective Assistance of Counsel further tolls the filing deadlines.  The Sixth Amendment of the United States Constitution does guarantee every defendant in a criminal matter, whereas, a loss of liberty is at stake, the Constitutional right to counsel.  This right does not just mean a warm body next to the defendant in the court, it goes further to establish that counsel is to be an advocate on the defendant's behalf, and assist the defendant in his defense.  This right requires counsel to review the evidence, interpret the law and interview witnesses.  Counsel is to form a professional opinion and explain to the defendant the chances of success and advise him of the legal standards involved, including the risk of going to trial and the benefits of accepting a plea or accepting the responsibility for his crimes.  In the instant matter, trial counsel Joseph B. Green (Public Defender's Office) never advocated a plea or presented a defense for a lesser offense.  Trial counsel knew that the Appellant admitted to shooting to death his first victim and shooting the other two victims, however, trial counsel never tried to negotiate, advocate or present a defense for him.  Instead, trial counsel took the matter to trial before a jury, knowing that the State would show the Court and the jury that the defendant was in fact the shooter.  During the trial, it was never told to the jury that "extreme emotional distress" is a defense that would most probably result in a lesser included offense.  Appellant continued to insist to his counsel that he wanted the truth to be known.  He never told his counsel that he wanted the complete innocent defense.  Trial counsel disregarded his contentions and proceeded to trial without attempting to negotiate a plea for a lesser included offense and without presenting a defense that the Appellant was

D-1

under extreme emotional distress and that the actual shooting were not premeditated as required under the First Degree doctrine.  Appellant had a viable defense against the First Degree Murder and Attempted Murder charges, however, trial counsel just ignored the defense and proceeded to a jury trial.  Furthermore, the jury was not informed that they could infer from the evidence that the Appellant was under extreme emotional distress and that the murder was not premeditated.  Instead, the jury was told that it is presumed that the actions of the defendant were intentional. The jury instructions and lack of defense presented by trial counsel denied  the Appellant the advocate a guaranteed right by the Sixth Amendment of the United States Constitution.

    The United States Supreme court set the standard in U.S. v. Bousley, 523 U.S. 614, 140 L.Ed. 2d 828 (1998), for determining procedural defaults by a defendant and the standard of review for such default.  "Where a defendant has procedurally defaulted a claim ..., the claim may be raised in habeas, only if the defendant can demonstrate either cause and actual prejudice", citing Murray v. Carrier, 477 U.S. 478 (1986), and Wainwright v. Sykes, 433 U.S. 72 (1977), "or that he is actually innocent", citing Smith v. Murray, 477 U.S. 527 (1986).  In the instant matter, Appellant has made many attempts to have the issue of the degree of the charges agianst him heard.  Considering the actual innocence defense, he is in fact innocent of first degree charges because there was no premeditation involved in the shootings.  The Appellant did not go into the bus station with the intention of shooting his victims.  He went there with the intention of purchasing a bus ticket after seeing his fiancee who was about to leave him his reasons for leaving were not the same.  Now he wanted to speak with her in an attempt to convince her not to leave him.  The shooting happened in a heated emotional confrontation.  This scenario requires a finding of second degree or even manslaughter.  The element necessary to constitute a first degree, requires not only the actus reas, but also the mens rae of the crime.  The mens rae element is missing.  The prosecution even acknowledged that the mens rae was not present, and that Appellant fired the spontaneously and without intent to kill.  However, the prosecution contended that this factor did not weigh on the relevance of "intent" because it is "presumed' that the firing of a weapon, within itself constitutes intent.  Defense counsel never argued or presented a defense to the contrary of this contention and the and the jury was led to believe that such was established law.  This defense has never been presented to the Court under postconviction proceedings because:  (1) Trial counsel Joseph B. Green never brought forth such a defense and the jury

D-1

was never instructed as such; (2)  Postconviction court-appointed counsel
Joseph Bernstein failed to brief these issues, never interviewed the Appellant
and did not pursue the position he was appointed to advocate; and (3)  Trial/
Appellate counsel Joseph B. Green never introduced such issues because he failed
to raise it at trial and therefore was procedurally barred from bringing forth
the claim on direct appeal, further denying the defendant a fair appellant
review. "A lawyer is a representative of clients, an officer of the legal system
and a public citizen having special responsibilty for the quality of justice."
Preamble: A lawyer's responsibilities. (The Delaware Lawyer's Rules of Profes-
sional Conduct).

    Appellant bears the burden of showing cause and prejudice to the Court
to overcome the procedural bar, or excusable neglect under the "excusably neglect
doctrine" since the Appellant relied upon the expertise and due diligence of the
defense counsel to safegard his rights under the Sixth Amendment of the United
States Constitution.  In U.S. v. Biberfeld, 957 F.2d 98 (3rd Cir. 1992), the
Third Circuit applied a three step test to warrant bringing claim(s) for the
first time on collateral attack.

    1)    Would alleged facts, if proven, entitle petitioner to SOME relief?

    2)    Did petitioner show cause for failing to raise earlier?

    3)    Is an Evidentiary Hearing necessary to test truth?

Citing, U.S. v. Freeman, 892 F.2d 331 (3rd Cir. 1989).

    Using the Biberfeld test,  it is more probable that the Appellant
would have received a substantially less sentence had trial counsel advocated
the extreme emotional distress defense, and had the charges reduced to a lesser
included and/or presented such probability to the jury for considerations.
Furthermore, trial counsel Joseph B. Green's failure to raise the issue on direct
appeal constitutes ineffective assistance of counsel.  While Supreme Court Rule
30(a) states:  "Doctrine of plain error.—— While paragraph (a) of this rule
normally precludes a defendant from raising an issue not objected to at trial,
the doctrine of plain error allows the Court to consider issues not presented

D-1

at trial, but which arise between trial and appeal due to intervening decisions
of this Court or of the Supreme Court of United States." Weber v. State, Del.
Supr., 457 A.2d 674 (1983). There is a case which shows where a prisoner alleged
that he had brought a possibility of such defense to the attention of his trial
counsel who failed to raise it.  In U.S. v. Williams, 615 F.2d 585 (1980), and
"defendants were denied effective assistance of appellate counsel when, though
their attorney's were aware of the issue and raised it at sentencing, they failed
to raise it on dircet appeal." U.S. v. Mannino, 212 F.3d 835 (3rd Cir. 2000).

In Mannino, the defendants filed a 28 USC 2255 claiming misapplication
of the Federal Sentencing Guidelines. The U.S. District Court dismissed the
petition because they failed to challenge the issue on appeal.  The Third Circuit
Court of Appeals reversed the dismissal and granted the petition, holding that
the procedural default was "Attorney Error" and omission denied defendant the
effective assistance of counsel guaranteed by the United States Constitution.
U.S. v. Bousley, 523 U.S. 614 (1998),  "Motion can be heard on the merits if
petitioner makes the necessary showing to relieve the default."

The standard for evaluating any Ineffective Assistance of Counsel
claim is the test established in Strickland v. Washington, 466 U.S. 668 (1984).
Under Strickland,  counsel is ineffective if:  (1) counsel's performance, "fell
below an objective standard of reasonableness"; and (2)  the deficient perform-
ance prejudiced the defendant.  Strickland established the test under which all
ineffectiveness of counsel claims must be evaluated.

In the instant matter, the issues that surround the ineffectiveness of
counsel claims are matters in which must be litigated in the actual postconviction
relief petition.  The immediate matter relates to the time bar that has been
imposed on the Appellant and that has disallowed his petition to be heard on the
merits.

Appellant has shown the Court in the herein petition that all missed
deadlines are of no fault of his own and that he acted with due diligence to get
his petition into the Court in a timely manner.  Cf., Carr v. State, Del. Supr.,
554 A.2d 778, cert. denied, 493 U.S. 829, 110 S.Ct. 98 (1989).

5                    D-1

## CONCLUSION

Wherefore, the Appellant hereby respectfully request this Honorable Court grant the necessary avenues for the filing of the postconviction relief petition on the merits accordingly.  Appellant prays that the Court will take notice that there was never an Evidentiary Hearing given to hime at any phase and it is believed that there are several unanswered questions that should be answered by both trial/appellate counsel Joseph B. Green and the Court-appointed counsel on collateral attack, (Joseph Bernstein).  For all the reasons described in the Appellant's Opening Brief and again Appellant respectfully request that this Court reverse and remand back to the Delaware Superior Court in and for New Castle County with instructions.

Lawrence B. Dickens, pro se
Merit West, SBI,#124570
S.C.I.,  Post Office Box 500
Georgetown, Delaware 19947

Dated:   March 14, 2003

D-1

<u>CERTIFICATE OF SERVICE</u>

NOW COMES Defendant Below- Appellant, Lawrence B. Dickens, and certify that a true and correct copy of this "Notice of Appeal" dated, December 20, 2002, has been filed on Plaintiff Below- Appellee at:

      Steven Wood, Esquire
      Department of Justice
      820 North French Street
      Wilmington, Delaware  19801

By placing same in the United States Mail at the Sussex Correctional Institution on this 20th day of December 2002.

      *Lawrence B. Dickens, pro se*
      Lawrence B. Dickens, Pro Se
      SBI.#00124570, Merit West
      Sussex Correctional Institution
      Georgetown, Delaware  19947

      I hereby declare under the penalty of perjury that the foregoing is true and correct.

      *Lawrence B. Dickens, pro se*
      Lawrence B. Dickens, Pro Se

D-1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAWRENCE B. DICKENS, | § | |
| | § | |
| Defendant Below- | § | No. 707, 2002 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr.A. Nos. IN79-08-0371; 0372 |
| Plaintiff Below- | § | 0376; 0377 |
| Appellee. | § | |

Submitted: March 20, 2003
Decided: April 21, 2003

Before **HOLLAND**, **BERGER** and **STEELE**, Justices

## O R D E R

This 21ˢᵗ day of April 2003, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1)     The defendant-appellant, Lawrence B. Dickens, filed an appeal from the Superior Court's December 6, 2002 order denying his third motion for postconviction relief pursuant to Superior Court Criminal Rule 61.  The plaintiff-appellee, the State of Delaware, has moved to affirm the judgment

Exhibit E

E - 1

(4)     Dickens' claims are unavailing.  The Superior Court correctly ruled that his postconviction motion was time-barred[4] and there is no evidence either that the Superior Court lacked jurisdiction to try Dickens or that there was a miscarriage of justice due to a constitutional violation.[5]  Dickens' claims of error on the part of court-related personnel and his counsel lack factual support.  Moreover, his claim of ineffective assistance of counsel is procedurally barred as formerly adjudicated and there is no evidence that reconsideration of that claim is warranted in the interest of justice.[6]

(5)     It is manifest on the face of Dickens' opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

---

[4]Dickens' conviction became final in 1981.  SUPER. CT. CRIM. R. 61(i) (1).

[5]SUPER. CT. CRIM. R. 61(i) (5).

[6]SUPER. CT. CRIM. R. 61(i) (4).

E- 1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

DICKENS  VS.  STATE

| | |
|---|---|
| § | |
| § | No. 707, 2002 |
| § | |
| § | CR.A. ID No. |
| | 79800001DI |
| § | |
| § | Superior Court |
| § | |
| § | New Castle County |
| § | |
| § | |

The following docket entry has been made in the above cause.

13.  May 7     Record and mandate to clerk of court below.
                Case Closed.

cc: The Honorable Susan C. Del Pesco      Prothonotary
    Mr. Lawrence B. Dickens
    Loren C. Meyers, Esquire              Received Above

                                          By _____

                                          Date _____


Date:  May 7, 2003                 Cathy L. Howard,
                                   Clerk of the Supreme
                                   Court

E-1

# M A N D A T E

## THE SUPREME COURT OF THE STATE OF DELAWARE

To:  Superior Court of the State of Delaware in and for New

Castle County:

**GREETINGS:**

WHEREAS, in the case of:

STATE OF DELAWARE
VS.
CR.A. ID No. 79800001DI
LAWRENCE B. DICKENS

a certain judgment or order was entered on the 6th day of

December, 2002 which reference is hereby made; and

**WHEREAS,** by appropriate proceedings the judgment or

order was duly appealed to this Court, and after

consideration has been finally determined, as appears from

the opinion or order of this Court filed on April 21, 2003 a

certified copy of which is attached hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED**

that the matter be and it is hereby affirmed.

SIGNED, SEALED AND ATTESTED
BY:

_Cathy L. Howard_
Cathy L. Howard
Clerk of the Supreme Court

Issued:May 7, 2003
Supreme Court No. 707, 2002

E-1

State of Delaware          }
                           }  ss.
Kent County                }

I, Cathy L. Howard, Clerk of the Supreme Court of the
State of Delaware, do hereby certify that the foregoing is a
true and correct copy of the Order dated April 21, 2003, in
*Lawrence B. Dickens v. State of Delaware, No.* 707, 2002, as
the same remains on file and of record in said Court.

**IN TESTIMONY WHEREOF,**

I have hereunto set my hand and
affixed the seal of said Court at
Dover this 7th day of May A.D.
2003.

_____
Cathy L. Howard
Clerk of the Supreme Court

E-1

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    1
                    ( as of  03/22/2006 )
```

State of Delaware v.  LAWRENCE B DICKENS                DOB: 12/24/1955
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 79800001DI | IN79080371R3 | MURDER 1ST | TG | 02/05/1980 |
| 002 | 79800001DI | IN79080372R3 | ASSAULT 1ST | TGLI | 02/05/1980 |
| 003 | 79800001DI | IN79080377R2 | ATT-MURDER 1ST | TG | 02/05/1980 |
| 004 | 79800001DI | IN79080376R2 | PDWDCF | TG | 02/05/1980 |
| 005 | 79800001DI | N79080373 | RECK END 1ST | NOLP | 09/13/1979 |
| 006 | 79800001DI | N79080374 | RECK END 1ST | NOLP | 09/13/1979 |
| 007 | 79800001DI | N79080375 | RECK END 1ST | NOLP | 09/13/1979 |

```
      Event
No.   Date          Event                          Judge
--------------------------------------------------------------------------
      08/16/1979
      R9 WAR.HRNG AND COMMITMENT (S CT)
      90 00140000 100 0372 THRU 0377
      08/22/1979
      *                                         TEXT ENTRY
      PRELIMINARY HEARING HELD IN MC
      CASE FILED
      09/05/1979
      CASE FILED
1     09/05/1979
      TRUE BILL
2     09/06/1979
      DISCOVERY REQUEST
      09/07/1979                                STIFTEL,ALBERT J.
      ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
      (GREEN, ESQ)
3     09/13/1979
      NOLLE PROSEQUI
      0373, 0374 & 0375 RE: INDICTED ON
      OTHER CHRGS.
4     10/09/1979
      DISCOVERY RESPONSE
5     10/09/1979                                WALSH JOSEPH T.
      ORDER FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM
6     11/05/1979
      TRANSCRIPT OF PRELIMINARY HEARING
7     11/16/1979                                O'HARA ROBERT C.
```

*Exhibit F*
*F-1*

```
                    SUPERIOR COURT CRIMINAL DOCKET                  Page    2
                      ( as of  03/22/2006 )
```

State of Delaware v.  LAWRENCE B DICKENS                    DOB: 12/24/1955
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.

```
         Event
No.    Date            Event                          Judge
-----------------------------------------------------------------------------
       ORDER FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM
8    11/26/1979                              O'HARA ROBERT C.
       MOTION
       FOR EEG EXAM - GRANTED
     11/28/1979                              BALICK BERNARD
       CRIMINAL TRIAL CALENDAR - RESCHEDULED
9    01/29/1980
       VOIR DIRE QUESTIONS
     01/30/1980                              BIFFERATO VINCENT A. SR.
       CRIMINAL TRIAL CALENDAR - RESCHEDULED
       020580 J/BIFF/LONG
10   02/05/1980                              O'HARA ROBERT C.
       JURY TRIAL
       GLTY OF 0371, 0377, 0376 & LIO OF
       0372 (ASSLT 1ST). VERDICT ON
       UNISH.HRG. - JURY DECIDED ON LIFE
11   02/11/1980
       SUBPOENA RETURNED
12   02/13/1980
       SUBPOENA RETURNED
     02/20/1980                              BIFFERATO VINCENT A. SR.
       ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
       (P.D.)
     02/20/1980
       *                                     TEXT ENTRY
       IMP.AS TO 0371. DEFT.WAS SENT.ON
       0371. REMAINING CHRGS ARE PENDG.
       PSI. (D/GREEN, SULLIVAN, S/HALL,
       CR/COLVIN, B. DAWSON & HARRISON,
       J/RICHARD SMITH, RAYMOND EHLERS,
       ELVIRA WILSON, ALICE HIGHFIELD,
       JOHN BOLIN, JOYCE KENT, J.
       DOUGLAS THOMPSON, BERTHA BONAM,
       ELIZABEHT TALLEY, RICHARD
       BUCKMASTER, MICHAEL SCHWARTZ,
       ELIZABETH ROMPSPERT, EDWARD
       BILISKI, ALT., EXC. 020580,
       WILLIAM MCLAUGHLIN, PATRICK KING,
       ALT.& PATRICIA HYPES, ALT.).
13   02/20/1980
       SENTENCE
       AS TO 0371, PC, SUSP. BE IMP.FOR
```

F - 1

```
                    SUPERIOR COURT CRIMINAL DOCKET                 Page    3
                       ( as of  03/22/2006 )
```

State of Delaware v.  LAWRENCE B DICKENS                 DOB: 12/24/1955
State's Atty: , Esq.                        AKA:
Defense Atty: , Esq.

```
        Event
No.   Date            Event                      Judge
------------------------------------------------------------------------
      THE REMAINDER OF YOUR NATURAL
      LIFE BEGN.081679, W/O BENEFIT OF
      PROB.OR PAROLE OR ANY OTHER REDUC
      TION BE COMM.TO DEPT.OF CORR.TO
      CARRY OUT SENT. (D/GREEN/SULLIVAN
      S/HALL CR/HARRISON
14    02/25/1980                               O'HARA ROBERT C.
      ORDER OF JUDGMENT
15    02/28/1980                               O'HARA ROBERT C.
      ORDER
      PURS.TO R32(B): DEFT.IS FOUND
      GLTY.OF MURDER 1ST(CT I), ATT.
      MURDER 1ST(CT.II), ASSLT.1ST(LIO
      OF CT.III) & PDWDCF(CT.IV) BY
      VERDICT OF JURY. DEFT.WAS SENT.ON
      MURDER 1ST (CT.I) SENT.ON REMAIN.
      CHRGS.WILL BE SCHED.PENDING PSI.
      (ORD.DATED 022080)
16    03/03/1980
      NOTICE OF APPEAL
      #57, 1980 W/REQ.FOR ENTIRE TRIAL
      TRANS.
17    03/04/1980
      TRANSCRIPT OF VERDICT
18    03/04/1980
      TRANSCRIPT OF PUNISHMENT HEARING
      03/04/1980
      TRANSCRIPT OF SENTENCING
19    03/07/1980
      REPORT
      REPORT FROM DIV.OF MENTAL HEALTH,
      DEL.STATE HOSPITAL.
20    03/13/1980
      MOTION FOR RETURN OF PROPERTY
      03/18/1980                               O'HARA ROBERT C.
      *                                          TEXT ENTRY
      SIGNED
21    04/11/1980                               O'HARA ROBERT C.
      SENTENCE
      AS TO 0377, ATT.MUDER 1ST.(F).
      PC $368.17 COSTS ARE SUSPENDED.
      BE IMPRISONED FOR THE REMAINDER
```

F-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    4
                         ( as of  03/22/2006 )
```

State of Delaware v.  LAWRENCE B DICKENS                  DOB: 12/24/1955
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.

```
        Event
No.    Date            Event                        Judge
---------------------------------------------------------------------------
       OF YOUR NATURAL LIFE COMMENCING
       AT THE CONCLUSION OF THE SENTENCE
       IMPOSED IN 0371. AS TO 0372,
       ASSAULT 1ST.(F) PC $368.17 COSTS
       ARE SUSPENDED. BE IMPRISONED FOR
       A PERIOD OF FIFTEEN (15) YEARS
       COMMENCING AT THE CONCLUSION OF
       THE SENTENCE IMPOSED IN 0377.
       AS TO BOTH CHARGES: BE COMMITTED
       TO THE DEPARTMENT OF CORRECTIONS
       FOR THE PURPOSE OF CARRYING OUT
       THIS SENTENCE. AS TO 0376, PDWDCF
       NO SENTENCE IMPOSED BECAUSE THE
       STATE ELECTED TO PROCEED WITH
       SENTNG.IN 0371 & 0372 PURSUANT
       TO STATE V HUNTER.
       04/17/1980                            O'HARA ROBERT C.
       ORDER OF JUDGMENT
       SIGNED
22     04/28/1980
       NOTICE OF APPEAL
       #99,1980
24     05/27/1980
       DISCOVERY RESPONSE
25     08/06/1980                            O'HARA ROBERT C.
       TRANSCRIPT OF TRIAL
       VOL: C
26     08/07/1980                            O'HARA ROBERT C.
       TRANSCRIPT OF TRIAL
       VOL: A
27     08/07/1980                            O'HARA ROBERT C.
       TRANSCRIPT OF TRIAL
       VOL: B
28     08/18/1980                            O'HARA ROBERT C.
       TRANSCRIPT OF TRIAL
       VOL: D
29     03/05/1982
       MOTION
       TO WITHDRAW EXHIBITS
43     04/19/1985
       RECEIPT
       FROM THE DEPT.OF JUSTICE.
```

F-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                       ( as of  03/22/2006 )

State of Delaware v.  LAWRENCE B DICKENS                 DOB: 12/24/1955
State's Atty: , Esq.                        AKA:
Defense Atty: , Esq.

        Event
No.     Date            Event                       Judge
------------------------------------------------------------------------
30    04/26/1989                                HERLIHY JEROME O.
        MOTION FOR POST-CONVICTION RELIEF
31    07/26/1989                                HERLIHY JEROME O.
        LETTER
        THE COURT APPOINTS JOSEPH M.
        BERNSTEIN,ESQ.TO REPRESENT DEFT.
        IN CONNECTION W/MTNPCR. THE
        STATE HAS 30DAYS FROM DATE OF
        SERV.OF THIS ORDER W/IN WHICH TO
        RESPOND TO MOTION.
32    08/07/1989
        STATE'S LETTER
        RESPONSE TO MTNPCR
33    08/11/1989
        DEFENDANT'S LETTER
        DEFT'S.RESPONSE TO THE POINTS
        RAISED IN THE CT'S.LETTER.DATED
        7/26/89 & IN MR. HALL'S LETTR.
34    08/25/1989                                HERLIHY JEROME O.
        LETTER
        FROM JHERLJ STATING DEFT.MISUNDER
        THE REASON COUNSEL WAS APPT.TO
        REP.DEFT.IN CONNECT.WITH MTNPCR.
35    10/18/1989                                HERLIHY JEROME O.
        LETTER
        DEFT'S.MTN.FOR POSTCONVICTN.RE-
        LIEF IS DENIED.
        TO THE DEFT'S.POST CONVICTN.MTN.
        THE ST.SUBMITS THE MTN.SHOULD BE
        SUMMARILY DISMISSED.
37    10/18/1989
        DEFENDANT'S LETTER
        DEFT'S.RESPONSE THE THE POINTS
        RAISED IN THE CT'S.LETTR.DATED
        7/26/89 & IN MR. HALL'S LETTR.
        DATED 8/4/89.
38    11/06/1989
        NOTICE OF APPEAL
        453,1989
39    11/17/1989
        NOTICE OF APPEAL
        453,1989
```

F-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    6
                       ( as of  03/22/2006 )
```

State of Delaware v.  LAWRENCE B DICKENS                    DOB: 12/24/1955
State's Atty: , Esq.                        AKA:
Defense Atty: , Esq.

```
        Event
No.     Date              Event                           Judge
-------------------------------------------------------------------------------
40     01/29/1990
       RECORDS SENT TO SUPREME COURT
41     02/01/1990
       RECEIPT RECORDS ACKNOWLEDGED BY
       SUPREME COURT.
42     04/20/1990
       MANDATE AFFIRMED
44     05/24/1991                              GEBELEIN RICHARD S.
       PETITION
       (TO OBTAIN STATE COURT RECORDS)
45     02/25/1994
       MOTION FOR POST-CONVICTION RELIEF
       FILED PRO SE; REFERRED TO JUDGE
       DELPESCO                     WJS
46     02/25/1994
       MEMORANDUM OF LAW
       IN SUPPORT OF MOTION FOR POSTCON-
       VICTION RELIEF (# 045)       WJS
47     02/25/1994
       MEMORANDUM OF LAW
       APPENDIX TO # 046            WJS
48     02/25/1994
       AFFIDAVIT OF
       IN SUPPORT OF MOTION TO PROCEED
       IN FORMA PAUPERIS, FILED WITH
       # 045.                       WJS
49     03/01/1994
       MEMORANDUM
       TO C.M.OBERLY,III FROM W.J.
       SLAWSKI,POSTCONVICTION RELIEF  CM
50     03/10/1994                              HERLIHY JEROME O.
       ORDER
       MOTION FOR POSTCONVICTION RELIEF
51     03/10/1994
       ORDER
       IS DENIED.                   WJS
52     03/18/1994
       MOTION FOR REARGUMENT
       PRO'SE                       DF
53     03/23/1994                              HERLIHY JEROME O.
       ORDER
       MOTION FOR REARGUMENT OF POST-
```

F-1

SUPERIOR COURT CRIMINAL DOCKET                    Page    7
( as of  03/22/2006 )

State of Delaware v.  LAWRENCE B DICKENS                    DOB: 12/24/1955
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.

|      | Event |       |       |
| No.  | Date  | Event | Judge |
|------|-------|-------|-------|
|      |       | CONVICTION RELIEF MOTION IS DENIED.    WJS |       |
| 54   | 04/13/1994 | NOTICE OF APPEAL #118, 1994    DF |       |
| 55   | 04/27/1994 | LETTER FROM DEFENDANT    CM |       |
| 56   | 05/19/1994 | LETTER TO DEFT. ENCLOSING DOCKETS RE-QUESED    CM | HERLIHY JEROME O. |
| 57   | 05/26/1994 | LETTER (SUPREME COURT) TO PROTHONOTARY AN APPEAL IN THE ABOVE CAPTIONED MATTER WAS FILED IN THIS COURT ON 041194. THE SUPERIOR COURT DENIED THE APPELLANT'S REQUEST FOR TRANS AT STATE EXPENSE ON 051994. THEREFORE, THE RECORD MUST BE FILED WITH THIS OFFICE NO LATER THAN 061694.    DF |       |
| 56   | 06/21/1994 | RECORDS SENT TO SUPREME COURT    DF |       |
| 57   | 06/24/1994 | RECEIPT RECORDS ACKNOWLEDGED BY SUPREME COURT    DF |       |
| 58   | 09/13/1994 | MANDATE AFFIRMED #118, 1994    DF |       |
| 59   | 08/20/1996 | PETITION FILED FOR PARDON APPLICATION. |       |
| 60   | 10/28/2002 | NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF) SENT TO DEFENDANT. YOU MUST USE THE ATTACHED FORM. | HERLIHY JEROME O. |
| 61   | 11/08/2002 | MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE REFERRED TO JUDGE DEL PESCO. |       |
| 62   | 11/26/2002 |       |       |

F-1

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    8
                       ( as of  03/22/2006 )

State of Delaware v.  LAWRENCE B DICKENS                DOB: 12/24/1955
State's Atty: , Esq.                          AKA:
Defense Atty: , Esq.

       Event
No.    Date          Event                              Judge
-----------------------------------------------------------------------
       NOTICE OF PRO SE FILING OF MOTION FOR POSTCONVICTION RELIEF.
       SENT TO STEVEN WOOD, DAG.
       ATTACHED: COPY OF MOTION.
63     12/06/2002                              DEL PESCO SUSAN C.
       ORDER: MOTION FOR POSTCONVICTION RELIEF: MOTION IS DENIED. IT IS SO
       ORDERED.
64     12/26/2002
       LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
       RE: A NOTICE OF APPEAL WAS FILED ON 01/15/02. THE RECORD IS DUE
       01/15/03.  707, 2002
       01/09/2003
       RECORDS SENT TO SUPREME COURT.
65     01/15/2003
       RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.

              *** END OF DOCKET LISTING AS OF  03/22/2006 ***
                   PRINTED BY: CSCACOL
```

F-1