IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAWRENCE B. DICKENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 06-790-SLR |
| | ) |
| MICHAEL DELOY, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

---

Lawrence B. Dickens. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

Dated: December 4, 2007
Wilmington, Delaware

---

[1] Warden Michael Deloy assumed office on May 13, 2007, replacing former Warden Richard Kearney, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner Lawrence B. Dickens' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the Sussex Correctional Center in Georgetown, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1979, petitioner walked into the Wilmington bus station in search of his girlfriend, Elmira Handy. Petitioner saw Elmira and her mother, Myrtis Handy, at the ticket window. He approached the pair, and asked to speak with Elmira alone in order to dissuade her from leaving him. Although Mrs. Handy insisted Elmira remain with her, petitioner succeeded in conversing briefly with Elmira alone. Shortly thereafter, Mrs. Handy approached the couple. As Mrs. Handy approached, petitioner produced a pistol and aimed it at the floor in order to scare Mrs. Handy. However, when Mrs. Handy continued approaching the couple, petitioner aimed and fired the gun, hitting Mrs. Handy in the chest and fatally wounding her. Petitioner continued to fire the pistol, subsequently injuring Elmira and a bystander. See generally Dickens v. State, 437 A.2d 159 (Del. 1981).

Petitioner was charged with first degree murder, two counts of attempted first degree murder, and possession of a deadly weapon during the commission of a felony. Petitioner did not deny the shootings. Rather, he claimed that he had acted under

extreme emotional distress which, if proven at trial, would have reduced petitioner's murder charge to manslaughter. Id.

On February 20, 1980, after a 10-day trial, a Superior Court jury convicted petitioner of first degree murder for the killing of Mrs. Handy, attempted first degree murder for the shooting of Elmira Handy, first degree assault for the shooting of the bystander, and possession of a deadly weapon during the commission of a felony. The Superior Court sentenced petitioner to life on the murder conviction and to additional time at Level V on the remaining convictions. The Delaware Supreme Court affirmed petitioner's convictions on direct appeal. Id.

In April 1989, petitioner filed a motion for state post conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). Petitioner argued that the trial judge improperly instructed the jury that the law presumes, rather than infers, that a person intends the ordinary consequences of his voluntary act. The Superior Court denied the Rule 61 motion as untimely under Rule 61(i)(1) and, in the alternative, that consideration of the claim was not warranted under Rule 61(i)(5). State v. Dickens, 602 A.2d 95 (Del. Super. 1989). The Delaware Supreme Court affirmed the Superior Court's judgment. Dickens v. State, 577 A.2d 752 (Table), 1990 WL 43318 (Del. Mar. 22, 1990).

In February 1991, petitioner filed an application for a federal writ of habeas corpus. This court dismissed petitioner's application without prejudice because he had failed to exhaust state remedies for certain claims of ineffective assistance of counsel. Dickens v. Redman, Civ. A. No. 91-90-SLR, Mem. Op. and Order (Del. Jan. 11, 1993). Petitioner appealed, and the Court of Appeals for the Third Circuit refused to grant a

certificate of appealability due to petitioner's failure to exhaust state remedies. See Dickens v. Redman, Civ. A. No. 91-90-SLR, Docket Item No. 33.

Petitioner filed another Rule 61 motion in 1994, and the Superior Court denied that motion after determining that all the claims were barred. State v. Dickens, 1994 WL 145988 (Del. Super. Mar. 10, 1994). The Delaware Supreme Court affirmed that judgment. Dickens v. State, 648 A.2d 424 (Table), 1994 WL 466126 (Del. Aug. 25, 1994).

In November 2002, petitioner filed his third Rule 61 motion. The Superior Court denied the motion as time-barred, and the Delaware Supreme Court affirmed that decision in April 2003. Dickens v. State, 822 A.2d 396 (Table), 2003 WL 1922507 (Del. Apr. 21, 2003).

Petitioner filed the instant application in December 2006, asserting the following five grounds for relief: (1) the trial court erred by giving an improper jury instruction; (2) his attorneys provided ineffective assistance of counsel by not objecting to the improper jury instruction; (3) the State did not disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (4) his attorneys were generally ineffective; and (5) appellate counsel was ineffective for failing to challenge the jury instruction on appeal. (D.I. 1) The State contends that petitioner's application should be dismissed as time-barred or, alternatively, as meritless. (D.I. 11)

### III. DISCUSSION

#### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

3

signed into law by the President on April 23, 1996 and applies to habeas applications filed after that date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated December 21, 2006, is subject to AEDPA's limitations period. Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas

4

applications, thereby extending the filing period through April 23, 1997.[2] See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Here, petitioner had until April 23, 1997 to file his federal habeas application because his conviction became final in 1981. Petitioner, however, did not file the application until December 21, 2006.[3] Therefore, the application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). Nevertheless, none of petitioner's three Rule 61

---

[2]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns, 134 F.3d at 113; Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Petitioner's application is dated December 21, 2006 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

motions trigger the tolling provision of § 2244(d)(1); petitioner's first two Rule 61 motions were filed, decided, and affirmed well before AEDPA was enacted, and his third Rule 61 motion was filed after the limitations period had already expired. See Pauls v. Kearney, 2002 WL 310058277, at *3 n.3 (D. Del. 2002)(state post-conviction proceedings terminated prior to April 24, 1996 are not relevant to the statutory tolling analysis); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"). Accordingly, petitioner's habeas application is time-barred, unless the limitations period can be equitably tolled.

**C. Equitable Tolling**

The Third Circuit permits equitable tolling of AEDPA's limitations period only in rare and exceptional circumstances, such as:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

This court dismissed petitioner's prior federal habeas application without

prejudice in 1993 for failure to exhaust state remedies. The record reveals that petitioner exhausted state remedies by August 1994 and, although petitioner had plenty of time to file a new federal habeas application by AEDPA's "grace period" deadline of April 23, 1997, petitioner waited until December 2006 to file the instant application. By waiting 12 years after exhausting state remedies to file the instant application, petitioner failed to exercise reasonable diligence in preserving his federal habeas claims.

Petitioner also does not contend, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

Given these circumstances, the court concludes that it cannot equitably toll the limitations period. Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required

to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.